559 So.2d 517 (1990)
In re Lola Francis McCARTY, Minor Child of Roger McCarty and Elizabeth F. Westerman McCarty, and Granddaughter of Theresa L. Westerman, Appellant,
v.
Roger McCARTY and Elizabeth F. McCarty, Appellees.
No. 21,339-CA.
Court of Appeal of Louisiana, Second Circuit.
April 4, 1990.
E. Orum Young, Monroe, for appellant.
Roger McCarty & Elizabeth McCarty, in pro per.
Before FRED W. JONES, Jr., LINDSAY and HIGHTOWER, JJ.
LINDSAY, Judge.
The plaintiff, Theresa L. Westerman, appeals a trial court decision finding that she is not entitled to visitation rights with her minor granddaughter. For the following reasons, we affirm the trial court judgment.

FACTS
The defendants, Roger McCarty and Elizabeth Westerman McCarty, are married, are not judicially separated and are living together. They are the parents of a minor daughter, Lola Francis McCarty, age 5, who resides with them. The plaintiff, Theresa L. Westerman, is the child's maternal grandmother. Ms. Westerman is from Thibodeaux, Louisiana, and has eight grandchildren. She claimed that the McCartys had refused to allow visitation rights with her granddaughter, Lola Francis.
Pursuant to LSA-C.C. Art. 146.1, Ms. Westerman filed a rule to show cause why she should not be granted visitation rights with her minor granddaughter. Ms. Westerman included a proposed plan seeking to have visitation with the child every other weekend, every other major holiday, and three months in the summer.
On February 13, 1989, a hearing was held on the rule to show cause. Following the hearing, the trial court rejected plaintiff's claim for visitation. On March 22, 1989, the trial court filed a judgment, finding *518 that LSA-C.C. Art. 146.1 does not apply and does not allow the court to grant visitation rights to grandparents when both parents are alive, married and not judicially separated or divorced. Ms. Westerman appealed.

NONPARENT VISITATION RIGHTS
Our review of this record and the law which is applicable to visitation rights of grandparents shows that Ms. Westerman is not entitled to court ordered visitation with her grandchild. The child's parents are married, have never been separated or divorced from each other, and the child's custody has never been considered in conjunction with domestic litigation between the parents. Also, there has been no formal attack upon the care given the child or the custody of the parents by means of proceedings instituted in juvenile court under LSA-R.S. 14:403 to have the child declared neglected, nor have proceedings been instituted under LSA-R.S. 13:1601 to terminate parental rights.
Ms. Westerman contends that under LSA-C.C. Art. 146.1, recently enacted by our legislature, any person related to a child by blood or affinity may seek visitation rights with the child. This argument is erroneous.
LSA-C.C. Art. 146.1 provides:
A parent not granted custody or joint custody of a child is entitled to reasonable visitation rights unless the court finds, after a hearing, the visitation would not be in the best interest of the child.
Any relative, by blood or affinity, not granted custody of the child may be granted reasonable visitation rights if the court finds it is in the best interest of the child.
LSA-C.C. Art. 13, dealing with statutory interpretation provides:
Laws on the same subject must be interpreted in reference to each other.
It is important to note that LSA-C.C. Art. 146.1 is a companion article to LSA-C.C. Art. 146, which regulates custody of children pending litigation for separation or divorce of the parents.
Both LSA-C.C. Arts. 146 and 146.1 are in Title V of the Civil Code dealing with separation from bed and board and divorce. Specifically the articles are found in Chapter III of this Title, and is entitled, "Of The Provisional Proceedings To Which A Suit For Separation Or Divorce May Give Occasion." Therefore, it is clear that LSA-C.C. Art. 146.1 contemplates an award of visitation rights to a noncustodial parent in a separation or divorce proceeding unless shown not to be in the best interest of the child. The code article also contemplates a grant of visitation to relatives upon the breakup of the parents' marriage, if it is in the best interest of the children. Formerly, only grandparents and siblings could seek visitation under the provisions of LSA-R.S. 9:572, infra. LSA-C.C. Art. 146.1 expands the group of persons who may seek visitation with minors as an incident to separation and divorce proceedings, to include relatives by blood or affinity.
In the present case, the natural parents of the child at issue are not separated or divorced. No suit for custody of the child is pending. Therefore, Ms. Westerman is not entitled to visitation rights with her grandchild under LSA-C.C. Art. 146.1.
Not only does LSA-C.C. Art. 146.1 fail to provide Ms. Westerman a right to visitation with her grandchild, but other provisions in the law and jurisprudence regarding grandparent visitation also fail to provide a remedy.
It is well settled that the right of parents to custody of their children is paramount, and that right is outweighed only by a showing of sufficiently great detriment to the child's best interest to require that custody be awarded to a nonparent. Bolding v. Bolding, 532 So.2d 1199 (La.App. 2d Cir.1988). When the parents are married, with the children of the marriage in their custody, and the subject of child custody has not been and is not the subject of litigation, grandparents do not have the legal right of visitation, over the objection of the children's parents.
*519 The fact that dual parent custody must first be eroded in some way to allow nonparents to assert rights to visitation is supported by LSA-R.S. 9:572 which provides:
A. If one of the parties to a marriage dies or is interdicted, or the obligation to live together is terminated by an action of separation from bed and board, or the marriage is terminated by divorce, and there is a minor child or children of such marriage, the parents of the deceased, interdicted, separated, or divorced party without custody of such minor child or children, may have reasonable visitation rights to the child or children of that marriage during their minority, if the court in its discretion finds that such visitation rights would be in the best interest of the child or children.
B. Notwithstanding any provision of law to the contrary contained in Article 214 of the Louisiana Civil Code, in the event of an adoption, the natural parents of a deceased party to a marriage dissolved by death may have limited visitation rights to the minor child or children of the marriage dissolved by death, provided the natural parents of a deceased party prove that they have been unreasonably denied visitation rights and such limited visitation rights would be in the best interests of the minor child or children, and provided further that the adoption takes place after the parent whose parents are seeking visitation rights is deceased. In addition, the parents of a party who has forfeited the right to object to the adoption of his child, pursuant to the provisions of R.S. 9:422.1, may have limited visitation rights to the minor child or children so adopted, provided the parents of the forfeiting party prove that they have been unreasonably denied visitation rights and such limited visitation rights would be in the best interest of such minor child or children. The court shall consider all relevant factors in reaching a conclusion, including without limitation psychological evaluation, and it may order an investigation by the Department of Health and Human Resources.
C. When the parents of a minor child or children live in concubinage and one of the parents dies, the parents of the deceased party may have reasonable visitation rights to the child or children during their minority, if the court in its discretion finds that the grandparents have been unreasonably denied visitation rights and such visitation rights would be in the best interest of the child or children.
D. If one of the parties to a marriage dies, the obligation to live together is terminated by an action of separation from bed and board, or the marriage is terminated by divorce, the siblings of a minor child or children of the marriage may have reasonable visitation rights to such child or children during their minority if the court in its discretion finds that such visitation rights would be in the best interest of the child or children and that the siblings have been unreasonably denied visitation rights.
This statute does not apply to allow Ms. Westerman to assert visitation rights to the grandchild. In the present case neither parent is deceased, interdicted, separated or divorced.
The jurisprudence indicates that where the grandparents or other nonparents have been granted visitation rights to children, the parents were either separated or divorced or the children have been in the actual custody of the nonparent for an extended period of time.
In Recknagel v. Roberts, 465 So.2d 844 (La.App. 2d Cir.1985), writ denied 468 So.2d 570 (La.1985), the parents of a minor child were divorced and the court originally awarded custody of the child to a grandparent. When the parents remarried each other, the court returned custody to the parents, but granted visitation rights to a grandparent and an aunt. In that case, the court found the nonparents had no right to visitation. However, since the court was dealing with a determination of custody, the court was free to grant visitation to the nonparents as a condition of the grant of custody to the parents, as such visitation *520 was found to be in the best interest of the child.
In McManus v. McManus, 528 So.2d 696 (La.App. 2d Cir.1988), the grandparents sought to obtain custody of their grandchildren from their natural parents who were married, had custody of the children and were not engaged in domestic litigation. In that case, we held that the grandparents had no cause of action. The parents were not separated or divorced. The parents had custody of the children and their custody had not been attacked by allegations of neglect under LSA-R.S. 14:403 or 13:1601.
Although the question of visitation was not raised in McManus, the principles announced in that case apply equally here. Ms. Westerman has no right to claim visitation rights to a grandchild where there has been no separation or divorce, no interdiction or death of one of the parents and the care and custody of the child has not been attacked under LSA-R.S. 14:403 or LSA-R.S. 13:1601.

CONCLUSION
For the above stated reasons, we affirm the trial court judgment denying visitation rights to Theresa L. Westerman with her granddaughter, Lola Francis McCarty, over the objection of the child's parents.
AFFIRMED, at appellant's cost.