651 So.2d 499 (1995)
Donald Ray LINGO, et ux., Plaintiffs-Appellees,
v.
Chris KELSAY, et ux., Defendants-Appellants.
No. 94-1038.
Court of Appeal of Louisiana, Third Circuit.
March 1, 1995.
Michael Hathorn Davis, Alexandria, for Donald Ray Lingo et ux.
Michael W. Shannon, Alexandria, for Chris Kelsay et ux.
Before YELVERTON, THIBODEAUX and DECUIR, JJ.
DECUIR, Judge.
Defendants, Chris and Kelly Kelsay, appeal a trial court decision granting visitation to the maternal grandparents of their minor children. For the following reasons, we reverse the judgment of the trial court.

*500 FACTS
Chris and Kelly Kelsay are married and living together. There is not presently, nor has there ever been, a proceeding for separation or divorce pending between them. They are the parents of three minor children. The custody of the children has never been in dispute. The plaintiffs-appellees, Donald and Carol Lingo, are the maternal grandparents of the minor children. They claim that they have been denied the right to visit their grandchildren.
The Lingos filed suit seeking to be granted visitation rights pursuant to LSA-C.C. Art. 132. LSA-C.C. Art. 132 has since been redesignated LSA-C.C. Art. 136 without substantive change. After psychiatric evaluation of all parties and a hearing, the trial judge found that it was in the best interest of the children that they have contact with their maternal grandparents and that termination of all contact by the appellants was an extraordinary circumstance. Accordingly, the trial judge awarded the maternal grandparents some limited visitation rights consisting of the second weekend of every month from Friday at 5:00 p.m. until the following Sunday at 5:00 p.m. and three days every other December beginning at 10:00 a.m. on December 26 until 10:00 a.m. on December 29. The Kelsays lodged this appeal.

NONPARENT VISITATION RIGHTS
Our review of this record and the law applicable to visitation rights of grandparents shows that the Lingos are not entitled to court ordered visitation with their grandchildren. The children's parents are married, have never been separated or divorced, and the children's custody has never been considered in conjunction with domestic litigation. Also, there has been no allegation, formal or informal, that the children have been neglected or that the parents' care is inadequate.
The Lingos contend that under LSA-C.C. Art. 136 any person related to a child by blood or affinity may seek visitation rights with the child. We disagree.
LSA-C.C. Art. 136 provides in pertinent part:
* * * * * *
B. Under extraordinary circumstances, a relative, by blood or affinity, not granted custody of the child may be granted reasonable visitation rights if the court finds that it is in the best interest of the child. In determining the best interest of the child, the court shall consider:
* * * * * *
Likewise, LSA-R.S. 9:344, relied on by the Lingos, provides for visitation for nonparents where one parent has either died or been interdicted. Finally, LSA-C.C. Art. 13, sets forth the rule of statutory construction that "Laws on the same subject matter must be interpreted in reference to each other."
LSA-C.C. Art. 136 is in Title V of the Civil Code dealing with divorce. Specifically, the article is found in Chapter 2 of this Title dealing with Provisional and Incidental Proceedings to the divorce action. Therefore, it is clear that LSA-C.C. Art. 136 contemplates a grant of visitation to relatives upon the parents' divorce, if it is in the best interest of the children.
In the present case, the natural parents of the children at issue are not separated or divorced. No suit for custody of the children is pending. Therefore, the Lingos are not entitled to visitation with their grandchildren under LSA-C.C. Art. 136.
LSA-R.S. 9:344 is a specific provision referenced in LSA-C.C. Art. 136. It provides visitation for nonparents in the limited circumstances where a parent has died or been interdicted. Neither of those circumstances exist in this case. Therefore, LSA-R.S. 9:344 is inapplicable to the case at bar.
It is well settled that the right of parents to custody of their children is paramount, and that right is outweighed only by a showing of sufficiently great detriment to a child's best interest to require that custody be awarded to a nonparent. Bolding v. Bolding, 532 So.2d 1199 (La.App. 2 Cir.1988). When the parents are married, with the children of the marriage in their custody, and the subject of child custody has not been and is not the subject of litigation, grandparents do not have the legal right of visitation, over the objection of the children's parents. McCarty v. McCarty, 559 So.2d 517 (La.App. 2 Cir.1990).
*501 The learned trial judge correctly noted that McCarty is a Second Circuit case and, therefore, not binding on this circuit. He erred, however, in asserting that the Second Circuit had previously made a contrary finding in Recknagel v. Roberts, 465 So.2d 844 (La.App. 2 Cir.), writ denied 468 So.2d 570, 579 (La.1985). In Recknagel, the court specifically noted that the grandparents had no right to visitation. However, the court determined that visitation was in the best interest of the child due to the fact that the grandparents had been the child's custodian prior to the parent's remarriage.
We concur with the reasoning of our learned brethren of the Second Circuit. The Lingos have no right to claim visitation rights to their grandchildren where there has been no divorce, death or interdiction of one or both of the parents. The trial judge's grant of visitation rights in this case is contrary to the law of Louisiana and the recommendation of his own court-appointed psychiatrist.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed. All costs of this appeal are assessed against appellees, Donald and Carol Lingo.
REVERSED.