670 So.2d 357 (1996)
In the Interest of Josie Ana BARON.
No. 95-1102.
Court of Appeal of Louisiana, Third Circuit.
January 31, 1996.
*358 Kelly K.N. Sanford, Lafayette, for Michelle Guchereau.
J. Jake Fontenot, Mamou, for Richard and Cindy LaHaye.
Before THIBODEAUX, SAUNDERS and SULLIVAN, JJ.
SULLIVAN, Judge.
Michele Guchereau, the natural mother of an illegitimate three year old child, appeals the trial court's award of visitation rights to the child's maternal aunt and uncle, Cindy Guchereau LaHaye and Richard LaHaye. The LaHayes had previously enjoyed legal custody of the child for 14 months. They returned custody to Michele pursuant to a consent judgment in which Michele agreed to reasonable visitation during holiday periods for the LaHayes. For the following reasons, we affirm the judgment of the trial court as amended.

FACTS
In October of 1993, Michele voluntarily transferred legal custody of her daughter, Josie Ana Baron, then one and a half years old, to the LaHayes in anticipation of her impending incarceration in the State of California. Michele's original sentence of three months was extended to nine months when she "jumped bail," allegedly to return Josie to Louisiana.
Sometime after her release from prison in June of 1994, Michele moved to Chicago, Illinois. On September 29, 1994, she filed a rule seeking sole custody of Josie. The case proceeded toward trial, but on December 8, 1994, the parties resolved the matter pursuant to stipulations entered in open court. Those stipulations were not transcribed as part of the record for this appeal. However, the resulting judgment transferred sole custody of Josie to Michele, subject to the LaHayes' "reasonable visitation rights with the minor child during holiday periods." The judgment also required Michele to provide the LaHayes with certain financial and housing information as well as "any other reasonable information that is necessary to ensure [sic] the LaHaye family that it is in the best interest of the minor child that she remain in Chicago...."
On February 23, 1995, the LaHayes filed a rule for contempt and for particularization of *359 a visitation schedule, alleging that Michele refused to accommodate them with the visitation privileges agreed upon on December 8, 1993. Michele responded with a rule to terminate visitation. The matter was heard on March 27, 1995, with only two witnesses testifying, Michele and Cindy. At the close of evidence, the trial court fixed the following visitation schedule in favor of the LaHayes: six days or whatever lesser time the parties can agree upon during alternating holidays of Christmas, New Year's, Easter and Thanksgiving, and three weeks during the summer months. The court also ordered that the LaHayes have telephone access to the child once per week.
Michele appeals, assigning numerous errors that raise the following issues: (1) the trial court was without any authority to award visitation privileges to nonparents in the absence of divorce proceedings; (2) the trial court erred in determining that visitation was in the best interest of the child and in not terminating visitation; (3) the trial court erred in certain evidentiary rulings; and (4) the trial court erred in awarding excessive visitation.

OPINION
Michele first argues that the trial court was without legal authority to award visitation rights to nonparents in the absence of domestic litigation or the death or interdiction of a parent. She points out that La.Civ.Code art. 136(B), which authorizes visitation in "extraordinary circumstances" to nonparents related by blood or affinity to a child, is applicable only in "provisional and incidental proceedings" to a divorce. Lingo v. Kelsay, 94-1038 (La.App. 3 Cir. 3/1/95), 651 So.2d 499; McCarty v. McCarty, 559 So.2d 517 (La.App. 2 Cir.1990).
In both Lingo and McCarty, the grandparents of minor children whose parents had never been divorced or separated and whose custody had never been in dispute were denied visitation rights to their grandchildren. Both decisions were based upon the principle that Article 136(B) [formerly Article 146.1] contemplates a grant of visitation to nonparents only upon the parents' divorce, if such visitation is in the best interest of the children.
In the instant case, Josie's parents have never been married and the LaHayes had legal custody of the child for 14 months. Our search of the jurisprudence has revealed conflicting results in awards of visitation to nonparents who have had legal custody of children upon return of the children to their natural parents. For example, in Recknagel v. Roberts, 465 So.2d 844 (La.App. 2 Cir.), writs denied, 468 So.2d 570, 579 (La.1985), legal custody of an infant was awarded to his maternal grandmother, with physical custody to a paternal aunt, upon his parents divorce. When the parents remarried each other some seven years later, the trial court returned the child to the parents, subject to reasonable visitation in favor of the grandmother and aunt. The appellate court affirmed the award of visitation, recognizing that the nonparents had no right to visitation but that the trial court could reasonably condition custody on an allowance of visitation in light of the child's longstanding, close relationship to the other relatives. In LaPointe v. Menard, 412 So.2d 223 (La.App. 3 Cir.1982), however, this circuit reached a seemingly opposite result. In LaPointe, the maternal aunt of an illegitimate child was twice awarded custody when the natural mother was found unfit to raise the child. After seven years in the aunt's custody, the child was returned to his mother, with the trial court granting visitation to the aunt. On appeal, this court reversed the award of visitation to the aunt, notwithstanding the aunt's long-term relationship to the child, citing the general principle that when custody has been awarded to a fit parent, third persons are not entitled to visitation.
The instant case is distinguishable from both Recknagel and LaPointe in that, here, the nonparents voluntarily returned custody of the child upon the mother's agreement to reasonable visitation in their favor. Michele's argument presumes that the trial court's award of visitation was based upon Article 136(B); however, the trial court's oral reasons clearly indicate that he was interpreting the stipulations that the parties entered in open court on December 8, 1994.
*360 The initial transfer of custody from Michele to the LaHayes in October of 1993 was by a joint petition; hence, it was not a "considered decree." Had the parties not reached an agreement regarding the return of custody to Michele, then Michele, as the party seeking to modify a "nonconsidered decree" of custody, would have borne the burden of proof in a contradictory hearing, even though she is the child's natural mother. Mayeux v. Mayeux, 93-1603 (La.App. 3 Cir. 6/1/94), 640 So.2d 686. By stipulating to reasonable visitation in favor of the LaHayes as well as the other terms discussed above, Michele received sole custody of Josie without having to prove that (1) there was a material change in circumstances since the initial decree; and (2) a change of custody was in Josie's best interest. Id., at p. 687. Under these circumstances, we find that the trial court did have authority to award visitation to the nonparents, provided such visitation was in the child's best interest.
There are two fundamental rules in child visitation cases: (1) the paramount consideration in determining visitation rights is the best interest of the child; and (2) the trial court has great discretion in this area, and its determination will not be disturbed absent manifest error. Edelen v. Edelen, 457 So.2d 171 (La.App. 2 Cir.1984). Each case is dependent upon its own set of facts, and it is well established that the trial court is in a better position to evaluate the best interest of the child from its observances of the parties and witnesses. Mayeux v. Mayeux, 640 So.2d 686.
Although the actual stipulations are not available to us, the resulting judgment indicates that the parties intended the LaHayes to maintain substantial contacts with Michele and Josie upon their release of the child. The record illumines the LaHayes' concerns in returning the child to Michele. Michele has three other children for whom she has been unable or unwilling to provide adequate care. Her parents successfully sued for custody of Michele's two children from a previous marriage, and a third child, another daughter born out of wedlock, is in the custody of her biological father. After returning to Chicago with Josie, Michele made no effort to accommodate the LaHayes' agreed upon visitation rights. Since her release from prison, however, Michele has demonstrated the beginnings of a stable life for Josie: she is able to provide for Josie financially and is engaged to be remarried. Nonetheless, from the entirety of the record, we find no error in the trial court's determination that visitation with the LaHayes is currently in Josie's best interest.
Michele next argues that the trial court erred in refusing to admit a psychologist's letter of opinion, presumably recommending against visitation, and in refusing to allow her to answer the question, "Do you feel that Cindy and Richard, if they were allowed to visit Josie, would encourage a close relationship between you and her?" We find no error in the evidentiary rulings of the trial judge. The psychologist, from Chicago, was not available to verify his report or for cross-examination. We recognize that in the interest of justice, we could order a remand for the taking of this additional testimony. See Heymann v. Lewis, 414 So.2d 787 (La.App. 3 Cir.1979). However, Michele can always file another rule to terminate visitation upon a change in circumstances such that visitation is no longer in the best interest of the child. See Morgan v. Huddlestone, 430 So.2d 304 (La.App. 3 Cir.), writ denied, 434 So.2d 1094 (La.1983). Because the record supports the trial court's conclusion that visitation with the LaHayes is, at this time, in Josie's best interest, we decline to remand. Additionally, the question which Michele seeks to have answered elicits only her opinion. Michele's counsel was not prohibited from questioning her about facts which would shed light on whether the LaHayes would encourage a close relationship between Michele and Josie. We find no abuse of the trial court's discretion in disallowing the question.
Michele next contends that the trial court erred in awarding excessive visitation. Josie's tender age, the distance between the parties, and the fact that the LaHayes are "nonparents" have prompted us to consider this issue carefully. However, once again we find no error in the trial court's ruling. The schedule set by the trial judge fixes only the *361 maximum visitation allowable. The trial judge noted that the parties are free to agree on less than six days each holiday period and that the LaHayes visitation may further be restricted because of financial considerations. Additionally, the judgment does not order that all visitation take place in Louisiana.
We do note what appears to be a discrepancy between the transcript of the trial court's ruling and the actual judgment signed. The transcript and court minutes show that the trial court intended visitation on the alternating four holidays listed; the judgment can be read to require visitation on all four holidays. Under the authority of La.Code Civ.P. art 2164, we will therefore amend the judgment to conform to the trial court's oral reasons.

DECREE
For the above reasons, the trial court judgment is amended to reflect that visitation shall occur on the alternating holidays listed therein; in all other respects, the judgment is affirmed. Costs of this appeal are assessed to appellant, Michele Guchereau.
AFFIRMED AS AMENDED.