STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 CA 0633

JOSEPH RANDALL DRODDY

VERSUS

MICHAEL PORTER AND HIS WIFE, MELISSA DRODDY PORTER

Judgment Rendered: **DEC 2 7 2019**

* * * * *

On Appeal from the
18th Judicial District Court
In and for the Parish of West Baton Rouge
State of Louisiana
Trial Court No. 43,922

Honorable Edward J. Gaidry, Judge Presiding

* * * * *

| | |
|---|---|
| Frank Ferrara<br>Walker, LA | Attorney for Plaintiff-Appellant,<br>Joseph Randall Droddy |
| Michelle Ward Ghetti<br>Baton Rouge, LA | Attorney for Defendants-Appellees,<br>Michael Porter and his wife, Melissa<br>Droddy Porter |

* * * * *

BEFORE: HIGGINBOTHAM, PENZATO, AND LANIER, JJ.

**HIGGINBOTHAM, J.**

In this visitation matter, appellant, Joseph Randall Droddy, appeals the trial court's judgment imposing sanctions under La. Code Civ. P. art. 863 in favor of appellees, Michael and Melissa Porter.

**FACTS AND PROCEDURAL HISTORY**

While the issue in this case is the award of sanctions rendered against Mr. Droddy in favor of the Porters, a review of the procedural history of the underlying litigation is relevant to the appeal. On September 11, 2017, Mr. Droddy, the maternal grandfather of Jameson and Emmaline Porter, filed a Petition for Establishment of Grandparent Visitation under La. R.S. 9:344 and La. Civ. Code art. 136. The children's biological parents, Michael Porter and Melissa Porter, were named as defendants. In his petition, Mr. Droddy acknowledged that Michael and Melissa were "happily married and living together" and "excellent parents." Upon receiving Mr. Droddy's petition, the Porters' attorney attempted to contact Mr. Droddy's attorney to address her contention that his petition did not state a cause of action. On October 3, 2017, Mr. Droddy filed a First Amending and Supplemental Petition for Establishment of Grandparent Visitation citing five cases as authority for Mr. Droddy's right to grandparent visitation.

In response, the Porters filed an answer and reconventional demand. In the reconventional demand, the Porters listed several concerns related to Mr. Droddy's behavior and requested an injunction prohibiting Mr. Droddy from harassing, abusing, threatening, or physically harming them. The Porters also filed several exceptions, including a peremptory exception of no right of action contending that La. R.S. 9:344 provides for grandparent visitation only if one of the parties to a marriage dies, is interdicted, or incarcerated or if the parents of the minor children have lived apart for six months and there are extraordinary circumstances. The Porters further contended that Article 136 provides for nonparent visitation only

2

when there is a custody dispute. In their exceptions, the Porters requested sanctions under Article 863, contending that the legal assertions made in the petition and amended petition filed by Mr. Droddy were not warranted by existing law and were filed for the purpose of harassing the Porters.

Mr. Droddy's petition and the Porters' exceptions were heard by the hearing officer for the 18th Judicial District Court, who denied Mr. Droddy's request for grandparent visitation. The hearing officer determined that because the Porters are married, and there are no allegations that they are unfit, they have a paramount right to determine what is in the best interest of their own children and to decide whether Mr. Droddy should be allowed to spend time with their children. Mr. Droddy filed an objection to the hearing officer's recommendation arguing that visitation with him is in the best interest of the children. Thereafter, Mr. Droddy filed a Second Amending and Supplemental Petition for Establishment of Grandparent Visitation and to Seek Joint Custody stating that under La. Civ. Code arts. 133 and 134, "he can establish that it is in the Best Interest of his said grandchildren that he should be awarded joint custody of his grandchildren." Mr. Droddy also cited the same five cases in favor of his position that he cited in the first amended petition.

In response, the Porters again filed several exceptions including a peremptory exception of no cause of action pointing out that Article 133 provides for joint custody to a non-parent only when custody with a parent would result in substantial harm, which was not alleged by Mr. Droddy. The Porters, for a second time, requested sanctions under Article 863 contending that Mr. Droddy's requests for visitation and joint custody were not supported by existing law and required them to spend time and money defending "these frivolous petitions."

After a hearing, on April 30, 2018, the trial court signed a judgment granting the Porters' peremptory exceptions of no right and no cause of action. The judgment further ordered the Porters to "supplement their Request for Sanctions with evidence

3

of costs and expenses of the litigation" and the issue of sanctions was set for a separate hearing. Thereafter, the Porters filed a supplemental motion for sanctions and a brief in support thereof attaching their attorney's statement for services rendered as well as evidence of the Porters' attempts to contact Mr. Droddy's attorney.

Prior to the hearing on the sanction award, Mr. Droddy filed a motion for new trial from the granting of the Porters' exceptions contending that the trial court made an "Unconstitutional interpretation" of Articles 133,134,136, and La. R.S. 9:344. His motion for new trial was denied. Mr. Droddy also filed an exception of res judicata arguing that because the Porters did not object to the hearing officer's recommendations, they are barred by res judicata from raising the issue of sanctions with the trial court.

On May 22, 2018, the issue of sanctions as well as Mr. Droddy's exception of res judicata came before the trial court for a hearing. On that day, the trial court signed a judgment denying Mr. Droddy's exception of res judicata and granting the Porters' request for sanctions against Mr. Droddy and his attorney jointly as solidary obligors. Thereafter, Mr. Droddy filed a motion for new trial and a motion for judgment notwithstanding the verdict on the Porters' motion for sanctions arguing that his request for grandparent visitation was warranted by existing law. In favor of his position, he again cited to Article 136 as well as a case out of the third circuit titled, **Broussard-Scher v. Legendre**, 2010-1164 (La. App. 3rd Cir. 3/23/11), 60 So.3d 1290.[1] The Porters filed a response to Mr. Droddy's motions.

At this point, the trial court judge who originally heard all of the previous pleadings completed his pro tempore service to the 18th Judicial District Court, and the case was assigned to a different trial court judge. On November 16, 2018, the

---

[1] Unlike the situation in this case, in **Broussard**, the parents of the minor child were never married and were not living together at the time the maternal grandmother filed a rule to establish visitation, and the minor child lived with the grandmother for a period of time.

4

trial court denied Mr. Droddy's motion for new trial and motion for judgment notwithstanding the verdict.

Mr. Droddy was granted a devolutive appeal of the May 22, 2018 judgment awarding sanctions. In his appeal, Mr. Droddy contends that the trial court erred in awarding sanctions under Article 863.[2]

## LAW AND ANALYSIS

A trial court's determination regarding the imposition of sanctions is subject to the manifest error or clearly wrong standard of review. **Stroscher v. Stroscher**, 2001-2769 (La. App. 1st Cir. 2/14/03), 845 So.2d 518, 526. Louisiana Code of Civil Procedure article 863 imposes an obligation upon litigants and their counsel who sign a pleading to make an objectively reasonable inquiry into the facts and the law; subjective good faith will not satisfy the duty of reasonable inquiry. **Connelly v. Lee**, 96-1213 (La. App. 1st Cir. 5/9/97), 699 So.2d 411, 414, writ denied, 97-2825 (La. 1/30/98) 709 So.2d 710. However, Article 863 does not empower a trial court to impose sanctions simply because a particular argument or ground for relief is found to be unjustified; the failure to prevail does not trigger an award of sanctions. **Carrollton Presbyterian Church v. Presbytery of S. La. of Presbyterian Church (U.S.A.)**, 2014-1214 (La. App. 1st Cir. 3/9/15), 172 So.3d 1, 8, writ denied, 2015-0682 (La. 5/22/15), 171 So.3d 257.

To impose sanctions, a trial court must find that one of the affirmative duties imposed by Article 863 has been violated. **Connelly**, 699 So.2d at 414. Louisiana Code of Civil Procedure article 863 provides, in pertinent part:

> B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading, and that to the best of his knowledge, information, and belief formed after reasonable inquiry, he certifies all of the following:

---

[2] The appeal was rendered on behalf of Mr. Droddy, but not his attorney.

(1) The pleading is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

(2) Each claim, defense, or other legal assertion in the pleading is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law.

(3) Each allegation or other factual assertion in the pleading has evidentiary support or, for a specifically identified allegation or factual assertion, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(4) Each denial in the pleading of a factual assertion is warranted by the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.

D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees.

E. A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction.

F. A sanction authorized in Paragraph D shall not be imposed with respect to an original petition which is filed within sixty days of an applicable prescriptive date and then voluntarily dismissed within ninety days after its filing or on the date of a hearing on the pleading, whichever is earlier.

G. If the court imposes a sanction, it shall describe the conduct determined to constitute a violation of the provisions of this Article and explain the basis for the sanction imposed.

In awarding sanctions, the trial court found it frivolous that continuous filings were made by Mr. Droddy. Further, the trial court found that the cases cited by Mr. Droddy's attorney had no application to the pleadings that he had filed or the facts as he alleged in his pleadings and that the filings required needless preparation by the Porters. The trial court stated: "Code of Civil Procedure Article 863 does apply to the facts of this proceeding. Whether or not [Mr. Droddy's attorney] was in good faith or bad faith, his actions were not justified under the facts that he has previously alleged in seeking this visitation."

We agree with the trial court that Mr. Droddy's claims were not warranted by existing law. See La. Code Civ. P. art. 863B(2). When as herein, the children's parents are married, have never been separated or divorced, the children's custody

6

has never been considered in conjunction with domestic litigation, and there has been no allegation, formal or informal, that the children have been neglected or that the parents' care is inadequate, grandparents are not entitled to court ordered visitation. See **McCarty v. McCarty**, 559 So.2d 517, 520 (La. App. 2d Cir. 1990); **Lingo v. Kelsay**, 94-1038 (La. App. 3d Cir. 3/1/95), 651 So.2d 499, 500; **Reinhardt v. Reinhardt**, 97-1889 (La. App. 1st Cir. 9/25/98), 720 So.2d 78, 80, writ denied, 98-2697 (La. 12/18/98), 734 So.2d 635, cert. denied, 526 U.S. 1114, 119 S.Ct. 1761, 143 L.Ed.2d 792 (1999); **Galjour v. Harris**, 2000-2696 (La. App. 1st Cir. 3/28/01), 795 So.2d 350, 355 writs denied, 2001-1238, 2001-1273 (La. 6/1/01), 793 So.2d 1229, 1230, cert. denied, 534 U.S. 1020, 122 S.Ct. 545, 151 L.Ed.2d 422 (2001); **Foret v. Foret**, 2018-1192 (La. App. 1st Cir. 12/21/18)(unpublished); La. Civ. Code art, 136.[3] Further, the five cases cited by Mr. Droddy as support for his request for grandparent visitation in his first and second amended petitions were not applicable because in one of the cases, the parents were separated, and in the remaining four cases, one of the biological parents was deceased.

We have no doubt that the intentions of Mr. Droddy's attorney were good; however, the implausibility of Mr. Droddy's request for grandparent visitation with "happily married," "excellent parents" would have been apparent with reasonable legal research. Further, upon review of the multiple exceptions filed by the Porters as well as the well-considered reasons for recommendation by the hearing officer, Mr. Droddy's attorney should have been fully aware that existing law did not warrant his claims for grandparent visitation. However, Mr. Droddy continued to pursue his claims through objections, motions for new trial, supplemental petitions, and exceptions. Most egregious is Mr. Droddy's second amended petition asking for

---

[3] Louisiana Civil Code art. 136 is in Title V of the Civil Code dealing with divorce. Specifically, the article is found in Chapter 2 of this Title dealing with Provisional and Incidental Proceedings to the divorce action. Therefore, it is clear that Article 136 contemplates a grant of visitation to relatives upon the parents' divorce, if it is in the best interest of the children.

7

joint custody under Article 133, which provides for an award of custody to a person other than a parent when an award of joint custody or of sole custody to either parent would result in substantial harm to the child. Mr. Droddy's petition alleged no facts even close to proving that custody with the parents would result in substantial harm. In fact, he openly acknowledged in his original petition that the Porters are excellent parents. As pointed out by the Porters' attorney during her testimony at the sanctions hearing, Mr. Droddy's attorney continued to file pleadings rather than respond to her emails and phone calls pointing out the lack of legal authority for his position. This required the Porters to respond to each of Mr. Droddy's petitions, exceptions, objections, and motions for new trial.

Clearly, the failure to state a cognizable right or cause of action does not automatically trigger an award of sanctions under Article 863. However, it was the continued and unmerited pursuit of litigation by Mr. Droddy's attorney that established a proper basis to support the imposition of sanctions in this case. See **Molinere v. Lapeyrouse**, 2016-0991 (La. App. 1st Cir. 2/17/17), 214 So.3d 887, 896. Accordingly, we find no manifest error in the trial court judgment because the sanctions awarded against Mr. Droddy and his attorney in favor of the Porters were supported by the evidence.

## CONCLUSION

For the foregoing reason, we affirm the judgment of the trial court. All costs of this appeal are assessed to plaintiff-appellant, Mr. Joseph Droddy and his attorney Mr. Frank Ferrara.

**AFFIRMED.**

8