SYVERSTEN ET AL., APPELLEES, *v.* CARRELLI, APPELLANT.

[Cite as Syversten v. Carrelli (1979), 67 Ohio App. 2d 105.]

(No. 40355—Decided December 20, 1979.)

*Mr. Leonard A. Spremulli,* for appellees.
*Mr. Richard J. Marco,* for appellant.

PARRINO, C. J.   This is an appeal from the Court of Common Pleas of Cuyahoga County, Probate Division.

The issue in this cause is whether Probate Court has jurisdiction to hear and determine an adoption proceeding concerning a minor child after the Domestic Relations Division of the Court of Common Pleas of another county has granted a divorce together with an order awarding custody of that minor child to one of the parents. Defendant-appellant, Dale A. Carrelli, contends that the divorce court retained exclusive and continuing jurisdiction over that child.

We disagree with appellant's position and hold that the Probate Court, under these circumstances, has jurisdiction to hear and determine such adoption proceedings.

On August 24, 1978, Edwin and Peggy Syversten, appellees herein, filed a petition to adopt Joey Allen Carrelli, the minor child of Sue Ann Phillips, their daughter, and Dale Carrelli, appellant herein. The petition was filed in the Court of Common Pleas of Cuyahoga County, Probate Division. Appellant appeared at the hearing on December 15, 1978, and objected to the adoption. The court found that appellant had failed without justifiable cause to communicate with Joey and to provide child support as required by judicial decree for a

period of one year immediately preceding the filing of the petition and that his consent to the adoption was unnecessary. The court further found that Joey had resided with appellees continuously for more than six months and that his placement in their home by his mother had been beneficial to the child, and it entered a final decree of adoption. Appellant appeals the decision and assigns two errors:

"I. The trial court was without authority to enter a final decree of adoption because the court had never acquired jurisdiction over the subject matter.

"II. The actions of the trial court, which lacked jurisdiction over the subject matter, operated to deny the appellant procedural due process of law in a court whose jurisdiction was competent."

Both assignments are without merit.

On October 31, 1974, the Court of Common Pleas of Warren County, Domestic Relations Division, rendered a decree divorcing appellant and Ms. Phillips and awarding custody of Joey to his mother. Appellant argues that the court which renders a divorce decree retains continuing jurisdiction to determine custody of the minor children of the marriage. *Van Divort* v. *Van Divort* (1956), 165 Ohio St. 141. Appellant further argues that, as between two courts of concurrent jurisdiction, the court in which jurisdiction is first invoked obtains exclusive jurisdiction of the entire matter. *Lucas Co. Commrs.* v. *Lucas Co. Budget Comm.* (1967), 12 Ohio St. 2d 47. Appellant concludes that, since adoption is a determination of custody, the Probate Court was without jurisdiction to proceed with the adoption petition in the instant case.

Because jurisdiction of the Probate Court and the Domestic Relations Court is not concurrent, however, the two concededly valid rules of law invoked by appellant are inappropriate to a resolution of the instant case and are ineffective to deprive the Probate Court of jurisdiction.

The Probate Court, pursuant to R. C. Chapter 3107, has original and exclusive jurisdiction in adoption proceedings. *State, ex rel. Portage County Welfare Dept.,* v. *Summers* (1974), 38 Ohio St. 2d 144. The continuing jurisdiction in a divorce action of the Court of Common Pleas, Domestic Relations Division, to determine the custody of a minor child does not deprive the Court of Common Pleas, Probate Division, of

jurisdiction in adoption proceedings relating to that child. *In re Adoption of Biddle* (1958), 168 Ohio St. 209. Although the *Biddle* court rendered its decision prior to enactment of the current adoption statutes, its reasoning remains valid. That court distinguished custody, which concerns the possession, care, and control of a minor by a parent or some other person designated by the court, and adoption, which terminates the existing parent-child relationship and establishes a new one. It then reasoned that a divorce court is without jurisdiction to grant a petition for adoption and that, were a divorce court's continuing jurisdiction to determine custody to deprive the Probate Court of jurisdiction to determine adoption, no minor child of divorced parents could ever be legally adopted.

R. C. 3107.06(D), furthermore, specifically requires the consent of "[t]he juvenile court that has jurisdiction to determine custody of the minor, if the legal guardian or custodian of the minor is not authorized by law or court order to consent to the adoption." That section's silence concerning a divorce court's continuing jurisdiction to determine custody and its primary emphasis on custodial consent supports the conclusion that a divorce court's continuing jurisdiction does not deprive the Probate Court of jurisdiction in adoption proceedings.

Examination of the record demonstrates that the Probate Court's jurisdiction properly attached in the instant case. The petition, pursuant to R. C. 3107.04(A), was filed in the Probate Court in the county in which appellees resided. Joey's mother, pursuant to R. C. 3107.06(A), executed a written consent to the adoption. Appellant, pursuant to R. C. 3107.11, was notified of the hearing by certified mail; he appeared with his attorney and testified.

The divorce decree of October 31, 1974, required that appellant make weekly support payments of $15.15. Joey's mother testified that appellant made payments totalling $90 in 1974 and none thereafter; appellant himself admitted the truth of this testimony. Appellant further admitted that he failed to communicate with Joey after the divorce and that he saw him only once, immediately prior to the filing of the petition. Hence, the court was justified in determining, pursuant to R. C. 3107.07(A), that appellant's consent to the adoption was unnecessary

The Probate Court granted appellees' petition for adop-

tion in the proper exercise of its jurisdiction. That action extinguished the existing parent-child relationship and with it the jurisdiction of the Court of Common Pleas of Warren County, Domestic Relations Division, to make a determination of custody pursuant to that relationship.

The judgment of the Court of Common Pleas of Cuyahoga County, Probate Division, is affirmed.

*Judgment affirmed.*

JACKSON and DAY, JJ., concur.