HUTTON, N.K.A. DEIMLING, APPELLANT, *v.* HUTTON; DEIMLING, APPELLEE.

(No. 3610—Decided July 25, 1984.)

*Daniel P. Stringer,* for appellant.
*James Hutton, pro se.*
*Corinne K. Dawson,* for appellee.

QUILLIN, J. Yvette Hutton Deimling appeals from the judgment of the court of common pleas which granted Gary Deimling visitation rights with Charron Hutton, who is his step-daughter and Mrs. Deimling's daughter from a previous marriage. We affirm.

Yvette and James Hutton were married in 1972. Charron Hutton was born in 1975, as issue of the marriage. The Huttons were divorced in 1977. Custody of Charron was granted to Mrs. Hutton (now Deimling) while Mr. Hutton was granted visitation rights and ordered to pay child support. Although Mr. Hutton has consistently paid child support, he has not exercised his visitation rights and has had little contact with Charron.

In 1979, Yvette Hutton married Gary Deimling. During the course of their marriage, Mr. Deimling developed a positive relationship with Charron. In August 1983, Mrs. Deimling filed a complaint for divorce. By this time she and Charron had moved out of the marital residence.

In October 1983, Mr. Deimling filed a motion in the original Hutton divorce action, asking for an order granting him the right of visitation with Charron. Although Mrs. Deimling did not oppose Mr. Deimling's visiting with Charron, she did object to a legal right of visitation being granted. After a hearing, the court granted Mr. Deimling visitation rights to Charron. These rights were to be coextensive with visitation rights granted Mr. Deimling to the child of the marriage between him and Mrs. Deimling.

### Assignment of Error

"The trial court erred in granting visitation rights in favor of movant/appellee."

The first question raised is whether Mr. Deimling had standing to file a motion in what originated as a divorce action between Mrs. Deimling and her first husband, Hutton. There is no question that Mr. Deimling was not a party to the original action. For this reason, Mrs. Deimling argues that Mr. Deimling lacked standing to bring the visitation motion.

Concerning the right of visitation, R.C. 3109.05 states in pertinent part:

"* * * In the discretion of the court, reasonable companionship or visitation rights may be granted to any other person having an interest in the welfare of the child. * * *"

This provision contemplates that one not a party to the original action may obtain visitation rights from the court. However, neither the Revised Code nor the Civil Rules give assistance as to the procedure whereby "any other person" comes before the court.

It was not possible for Deimling to obtain visitation rights in the divorce action between him and his wife. See *Loetz v. Loetz* (1980), 63 Ohio St. 2d 1 [17 O.O.3d 1]. Thus, in order for Deimling to obtain the visitation rights available through R.C. 3109.05, it was necessary to invoke the continuing jurisdiction in the Hutton action.

The procedure whereby the continu-

ing jurisdiction of the court is invoked is provided in Civ. R. 75(I) which provides:

"Continuing jurisdiction. The continuing jurisdiction of the court shall be invoked by motion filed in the original action, notice of which shall be served in the manner provided for the service of process under Rule 4 through Rule 4.6. When the continuing jurisdiction of the court is invoked pursuant to this subdivision, the discovery procedures set forth in Rule 26 through Rule 37 shall apply."

In construing this provision, it has been held that the continuing jurisdiction may be invoked by the court on its own motion under proper circumstances. *Cooper* v. *Cooper* (1983), 10 Ohio App. 3d 143.

In *Cooper,* the parties were divorced and the husband was ordered to pay child support. Thereafter, the bureau of support filed a report with the court noting a change in the income of the husband and suggesting that the court consider a modification of the support order. The court, on its own motion, ordered a hearing to consider modification of child support. The parties complied and appeared at the hearing. After hearing the evidence, the court modified the support order. On appeal, it was argued that the court had no authority to invoke its continuing jurisdiction on its own motion. The court of appeals noted that notice was proper under the rule and that the parties without objection submitted themselves to the court. Under those circumstances, the court found no prejudice to the parties by the court invoking its jurisdiction on its own motion.

Likewise, in the instant case, the parties were properly notified as provided in Civ. R. 75(I). They appeared at the hearing and put forth evidence without specific objection to the procedure being utilized. Under these circumstances, we find no prejudice to the parties. We find little difference in the court holding a hearing at the suggestion of the bureau of support or the suggestion of the stepfather who has a legally cognizable right. In neither case was the motion filed by one of the original parties. However, there being no objection, there is no error.

Furthermore, we believe the trial court at all times may, on its own motion, invoke its continuing jurisdiction provided proper notice is given.

We hold that the continuing jurisdiction of the trial court may be invoked to consider visitation rights of "any other person" by motion of any party, including the child, if made a party, or by the court on its own motion. Although strangers to the action have no right to file such a motion, they may make suggestions to the court.

Turning now to the merits of the motion, R.C. 3109.05 grants the trial court discretion to award visitation rights to non-parents. From the record, we find no abuse of discretion. It appears that Mr. Deimling has been acting as Charron's father. Mr. Hutton, Charron's natural father, has apparently made no effort to exercise his visitation rights. Furthermore, although Mrs. Deimling opposed this motion, she stated that she did not oppose Mr. Deimling's visiting Charron. From this state of the record, we do not find the trial court's ruling to be erroneous. Accordingly, we affirm the judgment.

*Judgment affirmed.*

MAHONEY, P.J., and GEORGE, J., concur.