HOLLINGSWORTH, N.K.A. BAUMAN, APPELLANT, *v.* HOLLINGSWORTH; OBERT ET AL., APPELLEES.

(No. 86AP-45—Decided June 26, 1986.)

*Kenneth A. Bauman, Gerald T. Sunbury* and *Philip C. Stanger,* for appellant.

*O. Ross Long,* for William Taft Hollingsworth.

*Richard L. Innis,* for appellees.

STRAUSBAUGH, J. Plaintiff appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, awarding six hours of visitation per month of her minor child to the maternal grandparents, Mr. and Mrs. Donald E. Obert (the "Oberts").

The record indicates that plaintiff, Sabina F. Hollingsworth, was divorced from William T. Hollingsworth on March 21, 1984 and was awarded custody of the child, Joshua James, whose date of birth is July 5, 1983. On April 5, 1985, the Oberts, parents of plaintiff, as intervening petitioners, filed a motion to establish and fix visitation, alleging that plaintiff had thwarted all attempts to visit their grandchild.

After a hearing, a referee issued a report recommending that the Oberts be joined as parties to the proceedings and also be awarded six hours of visitation per month with Joshua. The referee based his recommendation on the application of R.C. 3109.05(B).

The trial court adopted the referee's recommendations by judgment entry dated October 24, 1985.

Plaintiff filed a motion to alter or amend judgment, which motion was denied on December 9, 1985. (Joshua was adopted by Kenneth Bauman, plaintiff's second husband. A final decree of adoption and judgment entry was filed September 27, 1985.)

Plaintiff asserts the following ten assignments of error:

"I. The lower court erred and abused its discretion in adopting the referee's finding that the defendant had waived his right to receive notice and personally appear at the proceedings in the lower court.

"II. The lower court erred and abused its discretion in finding that appellees had standing to file their motion for visitation and by making them parties to the case below.

"III. The continuing jurisdiction of the divorce court only extends to the modification of an existing right of visitation, but not to the creation of a new right of visitation, and the lower court erred and abused its discretion in exercising jurisdiction.

"IV. The visitation order of the lower court unconstitutionally infringes on the fundamental right of liberty and denies equal protection of the law as guaranteed to Appellant by the United States Constitution and the Ohio Constitution.

"V. The hearing before the referee did not comply with the due process requirement of the United States Constitution and the Ohio Constitution as it is made applicable to the protection of fundamental constitutional liberties.

"VI. The lower court's jurisdiction to enter any further orders pertaining to the minor child of Appellant was terminated by virtue of the Decree of Adoption, and the lower court erred and abused its discretion by overruling Appellant's Motion to Alter or Amend Judgment.

"VII. The lower court erred and abused its discretion, in violation of Civil Rule 53, by adopting the report and recommendation of the referee where the report did not contain sufficient factual information concerning what was in the best interest of the minor child to permit the court to exercise its judicial function.

"VIII. The lower court erred and abused its discretion by applying the visitation provisions of R.C. § 3109.05 (B) to persons whose legal rights vis-a-vis the minor child were not altered by the termination of the marriage of the minor's parents.

"IX. Where evidence indicated that hostility existed between the parent of a minor child and the child's grandparents, it was reversible error and an abuse of discretion for the lower court to award grandparent visitation.

"X. The provision of R.C. § 3109.05(B) that purports to authorize a divorce court to award visitation to any other person in its discretion exceeds the police power of the state of Ohio and violates due process of law."

In her first assignment of error, plaintiff contends that it was error for the trial court to conclude that William Hollingsworth had waived his right to receive notice and personally appear at the proceedings. Plaintiff apparently urges that her cause was prejudiced by the failure of another party to appear at the referee's hearing.

Case law cited by plaintiff supports the proposition that both the custodial and noncustodial parents must be given notice of any hearing regarding the welfare of the child. In the instant case, the noncustodial parent was given notice of the referee's hearing to determine visitation for the Oberts. On May 3, 1985, William Hollingsworth entered his appearance and stated that he had no objection to any reasonable visitation awarded to the Oberts. In any event, plaintiff is not the proper party to assert the rights of William Hollingsworth.

Plaintiff's first assignment of error is overruled.

In her second assignment of error, plaintiff urges that the trial court erred in holding that the Oberts had standing to file a motion for visitation and to become parties; that the Oberts were not a party to the original divorce action; and that the trial court did not properly invoke its inherent jurisdiction.

In *Hutton* v. *Hutton* (1984), 21 Ohio App. 3d 26, 21 OBR 28, 486 N.E. 2d 129, the court was faced with a similar issue. In that case, the custodial parent had remarried and then filed for divorce. The second husband, the stepfather, sought an order granting him visitation with the child. The court held that the continuing jurisdiction of a trial court in a divorce action may be invoked to consider visitation rights by any other person, even one not a party to the original action.

We agree with the decision in *Hutton,* and hold that R.C. 3109.05(B) contemplates that one not a party to the original action may obtain visitation rights from a court. A trial court at all times may, on its own motion, invoke its continuing jurisdiction provided that proper notice is given.

In the instant case, the trial court indicated that R.C. 3109.05(B) conferred upon it the jurisdiction to modify its order. While the trial court did not specifically rely upon its own inherent jurisdiction, it is clear that it contemplated the above-approved procedure. All parties were given proper notice of the trial court's exercise of its inherent jurisdiction and there was no error.

Plaintiff's second assignment of error is overruled.

Plaintiff asserts, as the third assignment of error, that the trial court could not grant visitation rights to the Oberts, inasmuch as this was the creation of a new right of visitation rather than a modification of an existing visitation order, and that a court cannot exercise its continuing jurisdiction to create a new right. We disagree with plaintiff's assertion.

As noted above, R.C. 3109.05(B) allows one not a party to the original custody action to obtain visitation rights. This necessarily requires that a visitation order may be modified to include specific parties not originally part of the visitation order. Otherwise, grandparents, or other parties within the scope of R.C. 3109.05(B), would need to have the foresight to determine whether a relationship with a child might someday become difficult or impossible to maintain. We hold that a trial court's jurisdiction to modify a visitation order includes the authority to add persons not originally parties to the original visitation order.

Plaintiff's third assignment of error is overruled.

In her fourth and tenth assignments of error, plaintiff contends that both the visitation order and R.C. 3109.05(B) are unconstitutional as violations of equal protection and due process.

Generally, parental and familial rights are accorded constitutional protection. However, the Constitution does not preclude the state from asserting its own interests or the interests of the child in certain situations.

Plaintiff urges that R.C. 3109.05 (B) violates the Equal Protection Clause because it distinguishes between divorced and nondivorced parents, and allows the Oberts, and others within the scope of R.C. 3109.05(B), to obtain visitation rights with a child of a divorced couple; whereas, if the parents were not divorced, no such legal right exists by the terms of the statute.

It is clear that there exists an adequate , constitutional basis for dis-

tinguishing between divorced and non-divorced family situations. The state is injected into the divorce process by the very nature of the act. The state must oversee an equitable settlement, dissolve the marriage, and arrange for child custody, support, and visitation. Thereafter, the state must remain as an arbitrator of the terms of the divorce.

Further, the state has a compelling interest in assuring that the child or children of a broken marriage or home receive the attention, care, and concern it is presumed they would have received had the marriage and family life not been drastically altered by the divorce action. Accordingly, R.C. 3109.05(B) does not violate equal protection by differentiating between divorced and nondivorced situations. We hold that R.C. 3109.05(B) is a constitutional statutory means by which the state asserts a compelling governmental interest.

For the same reason, R.C. 3109.05 (B) does not violate the due process of law. The state, by virtue of its police powers and the doctrine of *parens patriae*, is invested with authority to regulate certain aspects of the family. See, generally, Commentary, Developments in the Law — the Constitution and the Family (1980), 93 Harv. L. Rev. 1156. In the instant case, the state does not seek to compel plaintiff to raise her child in a certain manner, nor does it unduly interfere with the home life of parent or child; rather, the state has determined, after a hearing and in accordance with specific statutory obligations, that it is in the best interests of the child to have visitation with his maternal grandparents for six hours every month. Such a determination does not violate due process, nor does it violate any fundamental right.

Plaintiff's fourth and tenth assignments of error are overruled.

Plaintiff's fifth, seventh, and ninth assignments of error are interrelated and will be addressed together. Plaintiff challenges the sufficiency of the hearing before the referee and also contends that the trial court abused its discretion in awarding visitation rights to the Oberts.

Plaintiff complains that she was not afforded the opportunity to fully present testimony in support of her position. Plaintiff did not attend the hearing before the referee, on advice of counsel, and no court reporter was present to record testimony. Plaintiff's counsel urges that the referee was required to hold a bifurcated hearing, first to determine the jurisdiction of the court and later a hearing on the merits.

Here, the underdeveloped state of the record is attributable to plaintiff. There was no court reporter present and therefore no transcript of proceedings. Counsel for the Oberts appeared at the referee's hearing fully prepared to go forward, and presented testimony in support of the motion for visitation. Plaintiff presented no evidence whatsoever to rebut the Oberts' case. Plaintiff has since attempted to introduce evidence which was not elicited either at the referee's hearing or before the trial court.

We do not agree with plaintiff's contention that at this stage of the proceedings she is entitled to introduce testimony in support of her position. Plaintiff had the opportunity to present evidence before the referee and chose not to do so. Having chosen a specific course of conduct, plaintiff cannot now complain of the result. Based on the state of this record, we cannot say that the trial court abused its discretion in adopting the referee's report and by awarding visitation rights to the Oberts. Further, the referee was not required to hold a separate hearing on the jurisdiction of

the trial court. Such a bifurcated hearing might be beneficial in some cases; it is not mandatory.

Plaintiff's fifth, seventh, and ninth assignments of error are overruled.

In her sixth assignment of error, plaintiff argues that the trial court's jurisdiction was terminated by the subsequent adoption of Joshua by plaintiff's second husband.

The court in *Welsh* v. *Laffey* (1984), 16 Ohio App. 3d 110, 16 OBR 117, 474 N.E. 2d 681, held that:

"An adoption of a child by a step-parent does not terminate the power of the court to determine visitation rights of grandparents under R.C. 3109.05, where, but for the adoption, the court finds such visitation to be in the best interests of the child." *Id.,* syllabus.

Plaintiff cites the case of *Syversten* v. *Carrelli* (1979), 67 Ohio App. 2d 105, 21 O.O. 3d 418, 425 N.E. 2d 930, in support of her position. However, the syllabus of that decision limited its holding to the jurisdiction of a probate court; the court there held that a probate court is not deprived of jurisdiction in adoption proceedings by a court of common pleas' (division of domestic relations) continuing jurisdiction to determine custody. Therefore, *Syversten, supra,* is inapplicable to the instant case.

Similarly, *In re Adoption of McDermitt* (1980), 63 Ohio St. 2d 301, 17 O.O. 3d 195, 408 N.E. 2d 680, dealt with a case where a father asserted that a probate court could not exercise its jurisdiction and grant an adoption decree because the domestic relations court had jurisdiction by virtue of its custody decree. The Supreme Court held that a probate court retained jurisdiction to award adoption to the step-father.

We concur with the reasoning in *Welsh, supra,* and hold that, for the purposes of R.C. 3109.05, the adoption of Joshua by his stepfather did not terminate the power of the trial court to award visitation rights to the grand-parents, where the court finds such visitation to be in the best interests of the child. See, also, generally, *In re Thornton* (1985), 24 Ohio App. 3d 152, 24 OBR 241, 493 N.E. 2d 977.

Plaintiff's sixth assignment of error is overruled.

In the eighth assignment of error, plaintiff urges that R.C. 3109.05(B) does not apply to the Oberts because they are relatives of the custodial parent; and that "any other person" as defined in the statute allows visitation to be awarded only to friends or relatives of the noncustodial parent. We do not agree with plaintiff's position.

R.C. 3109.05(B) specifically states that a court, in its discretion, may grant reasonable companionship or visitation rights "to any other person having an interest in the welfare of the child." This broad category includes any person regardless of the relationship to the custodial or noncustodial parent. The important and determinative factor in the award is the welfare of the child, not the relationship the person has to or with either parent.

Plaintiff's eighth assignment of error is overruled.

Plaintiff has also made two motions before this court. The first motion is a motion to strike assignments of error from the brief of petitioners-appellees. Plaintiff contends that petitioners-appellees did not file a cross-appeal and cannot assert any assignments of error in their brief; plaintiff also seeks attorney fees.

Even though it would have been better practice not to insert the initial arguments, plaintiff cannot demonstrate any resulting prejudice. Therefore, plaintiff's motion to strike is denied.

Plaintiff's second motion, a motion for rehearing on a motion to stay and

18

to supplement the record, is also denied. Any disputes between the parties as to the meaning of the trial court's order must be resolved below. The introduction of additional evidence, or attempts to modify the order, must be introduced at the trial level. Further, that portion of the motion for a rehearing on the previously denied motion to stay is moot.

Plaintiff's motions are denied, the assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.

*Motions overruled, and judgment affirmed.*

Moyer, P.J., and McCormac, J., concur.