SHANNON, n.k.a. Converse, Appellant,

v.

SHANNON; Foraker, Appellee.

[Cite as *Shannon v. Shannon* (1997), 122 Ohio App.3d 346.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 18083.

Decided Aug. 13, 1997.

*Thomas A. Ciccolini,* for appellant.

*Arthur Axner,* for appellee C. Merle Foraker.

REECE, Judge.

Appellant, Anita L. Shannon (n.k.a. Converse), appeals from the trial court's grant of visitation/companionship rights with her daughter, Jennifer, to her ex-husband, C. Merle Foraker.

I

Anita Converse and John Shannon were divorced on March 28, 1988. The court granted Converse custody of their daughter Jennifer. Converse then married C. Merle Foraker in 1989. Converse and Foraker were divorced on October 19, 1995. On November 2, 1995, Foraker, Jennifer's stepfather, moved for visitation/companionship rights with Jennifer. Foraker properly moved for visitation with Jennifer under the 1988 Shannon divorce case number.

After much confusion in the proceedings resulting from filings under the wrong case number by both the court and the parties, the matter of visitation was set for an evidentiary hearing. On March 6, 1996, the court appointed a guardian *ad litem* and continued the evidentiary hearing to June 27, 1996.

On July 15, 1996, the magistrate granted visitation/companionship rights to Foraker. Converse's objections to the magistrate's decision were overruled on August 27, 1996. Converse now appeals from that order.

II

Converse claims two assignments of error. After careful consideration, we find both lacking in merit.

A

"The lower court lacked subject matter jurisdiction to hear the issue before it and therefore could not make the decision to permit companionship/visitation."

Converse argues that any motion or complaint in child custody or visitation must be accompanied by an R.C. 3109.27 affidavit. She contends that because Foraker did not file such an affidavit with his motion for visitation, the court lacked subject matter jurisdiction. Converse, however, has misapplied the R.C. 3109.27 affidavit requirement. The provisions of the Uniform Child Custody Jurisdiction Act are inapplicable to the present case.

R.C. 3109.27 provides that each party in a parentage proceeding must file an affidavit containing certain enumerated information. R.C. 3109.21 defines a "parentage proceeding" as a proceeding including a parenting determination. A parenting determination, in relation to any person other than the parents of the

child, is "a court decision and court orders and instruction that * * * provides for the *custody* of a child, including visitation rights." (Emphasis added.) R.C. 3109.21. As Foraker is not seeking custody of Jennifer, the provisions of the Uniform Child Custody Jurisdiction Act that Converse relies upon are inapplicable.

This court previously addressed an issue of jurisdiction similar to that now before us. *Hutton v. Hutton* (1984), 21 Ohio App.3d 26, 21 OBR 28, 486 N.E.2d 129. In *Hutton,* the stepfather also wished visitation rights with his ex-wife's child by a previous marriage. This court held that the stepfather could invoke the trial court's continuing jurisdiction over divorce, annulment, and legal separation proceedings, pursuant to Civ.R. 75(I), in order to win visitation rights with a stepchild under R.C. 3109.051. *Id.* at 28, 21 OBR at 29–30, 486 N.E.2d at 130–131. R.C. 3109.051 permits the court to grant visitation to any person having an interest in the welfare of the child if such visitation is in the child's best interest. R.C. 3109.051(B)(1)(c).

Civ.R. 75(I) states that the continuing jurisdiction of the court shall be invoked by a motion filed in the original action with notice of the filing served as provided in Civ.R. 4. In this case, a motion was filed with the original court of jurisdiction and Converse was properly served.

Accordingly, Converse's first assignment of error is overruled.

B

"The lower court erred as a matter of law in its decision to grant companionship/visitation rights with a third party. Further such decision was an abuse of the trial court's discretion."

Converse claims that the lower court abused its discretion by granting the visitation rights to Foraker. In the instant case, the magistrate provided a detailed decision supporting his findings and conclusions. The magistrate's decision was supported by the evidence cited therein. The trial court was not provided with a transcript, although Converse relied on evidence presented at the magistrate's hearing.

"Civ.R. 53(E)(6) expressly provides that without an affidavit or transcript describing all relevant evidence presented at the hearing or other adequate record, the [trial] court may summarily overrule the party's unsupported objections." *Chaney v. East* (1994), 97 Ohio App.3d 431, 435–436, 646 N.E.2d 1138, 1141, citing *Pappenhagen v. Payne* (1988), 48 Ohio App.3d 176, 549 N.E.2d 208. Where there is an absence of an adequate record of the magistrate's hearing for review, a court of appeals must "presume regularity of the [trial] court's judgment based on the referee's report and recommendations." *Chaney, supra,* at

436, 646 N.E.2d at 1141. An appellant has the responsibility of providing the reviewing court with a record of the facts, testimony, and evidentiary matters which are necessary to support the appellant's assignments of error. *Volodkevich v. Volodkevich* (1989), 48 Ohio App.3d 313, 314, 549 N.E.2d 1237, 1238–1239. In the absence of a complete record, an appellate court must presume regularity in the trial court's proceedings. *State v. Roberts* (1991), 66 Ohio App.3d 654, 657, 585 N.E.2d 934, 936–937.

The standard of review for matters concerning child support and visitation rights is whether an "abuse of discretion" was committed. *Booth v. Booth* (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028, 1030–1031. Here, we find no such abuse of discretion by the lower court. The trial court appointed a guardian *ad litem* in the case for an independent observation. The guardian *ad litem* observed interaction between Foraker and Jennifer on two occasions and recommended that Foraker be granted visitation rights. Furthermore, as the lower court noted, Foraker is the only real father Jennifer has known for six of her eleven years. Jennifer reportedly refers to him as "dad."

"[T]he state has a compelling interest in assuring that the child or children of a broken marriage * * * receive the attention, care, and concern it is presumed they would have received had the marriage and family life not been drastically altered by the divorce action." *Hollingsworth v. Hollingsworth* (1986), 34 Ohio App.3d 13, 16, 516 N.E.2d 1250, 1253. Presuming, as we must, due to the lack of a transcript, regularity in the lower court proceedings, we find nothing in the limited record before us that shows the trial court abused its discretion.

Converse's second assignment of error is also overruled.

### III

Both of Anita Converse's assignments of error are overruled, and the judgment of the trial court granting visitation/companionship rights to Merle Foraker is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and EDWARD J. MAHONEY, J., concur.

EDWARD J. MAHONEY, J., retired, of the Ninth Appellate District, sitting by assignment.