JOURNAL ENTRY AND OPINION
Appellant contends the trial court abused its discretion by failing to properly compensate him for appellee's financial misconduct. Because the record before us indicates the trial court did not abuse its discretion, the decision of the trial court is affirmed.
Appellant and appellee were married on July 11, 1959; three children were born as issue of the marriage. Appellant filed a complaint seeking a divorce on September 23, 1991. Appellee thereafter filed her answer and counterclaim.
Following a five-day trial, the referee (now magistrate) issued her recommendations. Both parties filed objections. On February 1, 1995, the trial court sustained the objections in part and approved the referee's report with specific modifications relating to appellant's pension and the duration of health coverage to be made available to appellee. On March 2, 1995, the trial court issued a judgment entry of divorce, adopting and incorporating the findings contained in the referee's report except for the modifications set forth in the February 1, 1995 journal entry.
Pertinent to this appeal, the lower court determined that the value of the marital estate, excluding two card shops that were jointly owned by the parties, was $282,291.00. The referee reviewed several rental properties owned by the couple and concluded that it would be economically desirable to maintain those assets intact. Thus, the property division would result in appellee receiving $36,291 more in assets than appellant.
The two card shops owned by the parties did business as Clark's Hallmark and Clark's Paper Caper. The referee acknowledged that appellee had been running Clark's Hallmark on her own and had not been able to produce a profit. The court therefore ordered that both shops be sold. The net proceeds of the sale would then be distributed as follows: the first $18,145.50 would be allocated to appellant to equalize the property division; the remaining proceeds, if any, Would be equally divided. Appellant was ordered to manage the business until the completion of the sale.
While the trial court's decision was pending, appellant filed a motion for a new trial on the grounds that he had new evidence to present that would demonstrate that financial misconduct by appellee resulted in a dissipation of the marital assets. Hearings were held over two days in April 1995 to allow the court to determine the issue of business liabilities.
The referee determined that the evidence adduced at the hearing indicated that the card shops had been in serious economic trouble since the time of the parties' divorce trial. Appellee had operated and managed both stores; appellant had sometimes provided assistance. However, upon commencement of the divorce litigation, appellant ceased his involvement with the businesses. He did not again participate in the control of the shops in spite of the court's March 1995 judgment entry, which ordered appellant to manage the shops until their sale. Appellee therefore had exclusive authority over the businesses after mid-1991.
Appellee used funds from Clark's Hallmark to support Clark's Paper Caper. In 1991, appellee began to use the money collected from sales taxes at Paper Caper to pay its operating expenses. Commencing in May, 1993, appellee began to use the money collected from sales taxes at Hallmark to pay operating expenses.
On May 5, 1994, an agent of the State of Ohio Department of Taxation notified appellee that action would be taken to suspend the parties' joint vendor's licenses unless the March 1994 sales tax returns for the two stores were filed and the sales taxes collected during the month of February were paid. The amount due was approximately $1,066.80. Although appellee maintained a personal brokerage account that had a balance of $34,000, she failed to make the necessary payment.
Appellee was then notified that unless full payment of all past due sales taxes were made, the parties' vendor's licenses would be suspended. Appellant declined to contribute to the amount due, and appellee made no payment. On June 17, 1994, the parties' licenses were suspended and their businesses were closed. The stores had a considerable amount of outstanding debt at the time.
The referee concluded that the evidence indicated appellee's conduct constituted financial misconduct as defined in R.C.3105.171. The court thus ordered as follows:
 Pursuant to Revised Code 3105.171 (E)(3), [appellee] should be ordered to assume liability for any and all delinquent sales taxes from Clark's Hallmark and Clark's Paper Caper and to hold [appellant] absolutely harmless against liability thereon.
The court also noted that the economic viability of the stores was questionable even disregarding appellee's failure to pay sales taxes. The parties had reported business losses of $23,000 in 1990, $46,000 in 1991 and $30,000 in 1992. Business then further declined. The court determined that appellee's actions did not cause the failure of the stores but "merely served as thecoup de grace." Thus, the court held that the parties should share the liability for the general commercial indebtedness as they would have shared a profit if one had existed.
The order for the division of property was therefore supplemented as follows: Appellee was ordered to assume liability for any and all delinquent sales taxes assessed upon the card shops and to pay the first $18,151.14 of the commercial indebtedness owed to Hallmark Marketing Corporation. Each party would then be responsible for paying half of the balance of the debt due Hallmark Marketing Corporation and half of the remaining commercial indebtedness.
The parties filed their objections to the referee's report. On February 10, 1998, the trial court overruled the objections and adopted the referee's report. Appellant timely filed his notice of appeal.
Appellant's sole assignment of error states:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FAILING TO PROPERLY AND ADEQUATELY COMPENSATE APPELLANT FOR APPELLEE'S FINANCIAL MISCONDUCT.
We begin by noting that there is no transcript before us either from hearings held in 1993 and 1994, which resulted in the court granting appellant a divorce from appellee and dividing the parties' property, or from the 1995 hearings on appellant's new trial motion. We will therefore presume regularity in the lower court. See, e.g., Shannon v. Shannon (1997), 122 Ohio App.3d 346,350.
Pursuant to R.C. 3105.171 (C) (1), "[e]xcept as provided in this division or division (E) of this section, the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable. In making a division of marital property, the court shall consider all relevant factors, including those set forth in division (F) of this section."[1]
R.C. 3105.171 (E) (3) provides:
 If a spouse has engaged in financial misconduct, including, but not limited to, the dissipation, destruction, concealment, or fraudulent disposition of assets, the court may compensate the offended spouse with a distributive award or with a greater award of marital property.
Appellant contends that the trial court abused its discretion by failing to award him with a greater share of the marital property to compensate him for appellee's misconduct.
The court's decision to compensate the offended spouse pursuant to R.C. 3105.171 (E) (3) is subject to review for an abuse of discretion. Hammond v. Brown (Sep. 14, 1995) Cuyahoga App. No. 67268, 1995 WL 546903, unreported; see, also, Leister v. Leister (Oct. 23, 1998) Delaware App. No. 97CA-F-07027, 1998 WL 751457, unreported. ("As the inclusion of the term "may" in R.C. 3105.171
(E) (3) indicates, the decision regarding whether to compensate a party for the financial misconduct of the opposing party is discretionary with the trial court.") There is no abuse of discretion if there exists some competent, credible evidence to support the trial court's decision. Middendorf v. Middendorf
(1998), 82 Ohio St.3d 397, 401, citing Ross v. Ross (1980),64 Ohio St.2d 203.
As noted, in the absence of a transcript, we will presume regularity in the trial court's conclusions. Thus, we will accept the trial court's determination that appellee engaged in financial misconduct. We will also rely upon the trial court's assessment that the card shops were financially weak, distinct from the sales tax problem, and that appellee's actions, standing alone, did not cause the failure of the stores.
The court concluded that appellant should share liability on the general commercial indebtedness. Furthermore, this court acknowledges that in the March 2, 1995 entry granting the divorce, appellant was ordered to manage the card shops until the businesses were sold. This, he failed to do. It follows, therefore, that the court could also have required appellant to share responsibility for half of the amount due on the sales tax delinquencies.
The referee, in his report, ordered appellee to assume all liability for the delinquent sales taxes "[p]ursuant to Revised Code 3105.171 (E)(3) * * *." (Emphasis added.) The statute explicitly provides that "the court may compensate the offended spouse with a distributive award "* * *". The lower court's order thus sufficiently compensated appellant.[2]
Our review of the record before us does not show that the trial court abused its discretion. First of all, the statute provides that "the court may compensate the offended spouse with a distributive award or with a greater award of marital property." (Emphasis added.) Thus, by its language, the statute is merely permissive, not mandatory, and the trial court has the authority to determine whether or not and how an offended spouse should be compensated.
Furthermore, the language used by the trial court indicates that it did compensate appellant for appellee's misconduct by assigning the liability for the delinquent sales taxes solely to appellee. The card shops were already suffering economic difficulties; thus, appellee's actions, while admittedly wrongful, did not bring about the demise of this particular marital asset. Although appellee's conduct may have caused the sales tax delinquencies, the shops were jointly owned by the parties, and the court had ordered appellant to manage the properties. Thus, the trial court could have assessed half of the liabilities resulting from the sales tax problem to appellant. The trial court was well within its discretion when it compensated appellant by assessing the delinquencies from the sales taxes to appellee.
The decision of the trial court is affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Court of Common Pleas, Domestic Relations Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, P.J. and TIMOTHY E. MCMONAGLE, J. CONCUR
 ___________________________ JUDGE KENNETH A. ROCCO
[1] The factors enumerated in R.C. 3105.171 (F) are:
(1) The duration of the marriage;
(2) The assets and liabilities of the spouses;
(3) The desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage;
(4) The liquidity of the property to be distributed;
(5) The economic desirability of retaining intact an asset or an interest in an asset;
(6) The tax consequences of the property division upon the respective awards to be made to each spouse;
(7) The costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property;
(8) Any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses;
(9) Any other factor that the court expressly finds to be relevant and equitable.
[2] Pursuant to R.C. 3105.171 (A) (1), "Distributive award" means any payment or payments, in real or personal property, payable in a lump sum or over time, in fixed amounts, made from separate property or income, and not made from marital property and not constituting payments of spousal support, as defined in section 3105.18 of the Revised Code.