OPINION
This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
Plaintiff-appellant Charles E. Banks, pro se, appeals from a judgment of $89.00 plus costs entered in his favor by the small claims division of the East Cleveland Municipal Court against defendant-appellee Mohan Jain arising from damage done to plaintiff's property. Plaintiff contends the damage award was inadequate. We find no error and affirm.
This small claims complaint was brought in the East Cleveland Municipal Court on June 12, 1998. The complaint alleged that between March and December 1996, Mohan Jain had construction work done on his property located next door to plaintiff's property at 14400 Savannah Avenue, East Cleveland. Plaintiff alleged that during this construction, a substantial amount of damage was done to plaintiff's property for which he claimed $1,589.99. The case was continued for several hearing dates due to the absence of either plaintiff or defendant.
Finally, the case was heard on September 9, 1998 in defendant's absence. At the conclusion of the hearing, judgment was rendered against defendant for $1,500. Garnishment was issued. Subsequently, on February 1, 1999, defendant's motion to vacate the judgment was granted and a new hearing date was set for February 22, 1999. At that hearing, judgment was entered for plaintiff against defendant for $89.00 plus court costs from which this appeal is taken. The appellee has not filed a brief in this case.
Plaintiff's two assignments of error state as follows:
 I. AT THE TRAIL [SIC] ON SEPTEMBER 1, 1998 JUDGE RAMON BASIC [SIC] STATED THAT I CHARLES BANKS HAD WON MY CASE AND HE RULED THUSLY.
 II. THE JUDGE STATED THAT CASE NO. 98CVI00930 WAS DISMISSED BUT IT WAS ONLY VACATE [SIC] TO BE REHEARD.
In his pro se brief, plaintiff asserts on appeal that, even though the trial court found in his favor, he is entitled to more than the $89.00 which was awarded. Plaintiff had previously been awarded $1,500 against defendant at an ex parte trial, but that judgment was vacated.
The record clearly reflects that a hearing on this matter was conducted on February 22, 1999 with both parties present. However, plaintiff failed to file a transcript of this hearing with this Court.
It is well established that the appellant bears the burden of providing the reviewing court with a record of the facts, testimony, and evidentiary matters which illustrate the assigned errors. Hartt v. Munobe (1993), 67 Ohio St.3d 3, 7; RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 19; Shannon v.Shannon (1997), 122 Ohio App.3d 346, 350; Wozniak v. Wozniak
(1993), 90 Ohio App.3d 400, 409; Maswadah v. American Trading Inv. Co. (Oct. 14, 1999), Cuyahoga App. No. 74165, unreported. The procedures for making a transcript, or a suitable alternative, part of the appellate record are contained in App.R. 9. In the absence of a complete and adequate record, the reviewing court has nothing to pass upon and must presume the regularity of the proceedings and the presence of sufficient evidence to support the trial court's decision. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199; Wells v. SpiritFabricating, Ltd. (1996), 113 Ohio App.3d 282, 288-289; Glaser v.Glaser (Aug. 12, 1999), Cuyahoga App. No. 75937, unreported. Because plaintiff failed to provide this Court with the transcript necessary for resolution of his assignments of error, we must presume the regularity of the proceedings below and affirm.
Plaintiff's Assignments of Error I and II are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the East Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DYKE, A.J., and TIMOTHY E. McMONAGLE, J., CONCUR.
 _________________________________ JAMES M. PORTER JUDGE