JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal from an order of Domestic Relations Judge Timothy M. Flanagan that allowed appellee Karen Baroness Sgro to keep a spousal support overpayment of $2,717.60 as a setoff against future unreimbursed medical expenses for the couple's children. Appellant Joseph F. Sgro claims it was error to find that his former wife would be unduly burdened if required to refund it. We affirm.
{¶ 2} On September 20, 2000, the judge entered a divorce decree that found, among other things, that Sgro had overpaid his temporary support obligation by $2,717.60, but awarded Ms. Sgro $25,000 in attorney's fees and ordered the overpayment applied to that obligation. Sgro appealed and this court reversed the award of attorney's fees, finding that the judge had failed to assess his ability to pay it.[1]
The case was remanded for a determination of the appropriate disposition of the overpayment.[2]
{¶ 3} On remand the judge issued an order that stated, inter alia:
 {¶ 4} The Court finds that to order the Plaintiff to repay such sum to the Defendant would, given the dire financial condition of the Plaintiff, amount to an excessive financial hardship on the Plaintiff and the minor children.
{¶ 5} IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Plaintiff shall retain Defendant's $2,717.60 overpayment of support and such overpayment shall be treated as a prepayment of the minor children's unreimbursed medical expenses.
{¶ 6} Sgro asserts a single assignment of error:
 {¶ 7} The Trial Court Erred and Abused its Discretion in Ordering the Appellee to Retain the Overpayment of Support and Treat it as a Prepayment of the Minor Children's Unreimbursed Medical Expenses.
{¶ 8} We review a judge's order on child support matters, including reimbursement of medical expenses, under an abuse of discretion standard.[3] Sgro claims such an abuse because there was no evidence that to require a refund of the overpayment would cause Ms. Sgro excessive financial hardship or that there were any unreimbursed medical expenses for his children. In support of his argument he claims that the reversal of the attorney fee award in Sgro I reflects a finding that Ms. Sgro was not suffering from financial hardship, and also states that she had been awarded the equity in the family home and was expected to earn a salary of approximately $60,000 when she became employed. We disagree.
{¶ 9} The Sgro I court reversed the award of attorney's fees because it found that Sgro was unable to pay it, but it did not make any finding concerning Ms. Sgro's financial standing. He is incorrect in relying upon Sgro I for his claims concerning his former wife's ability to refund the overpayment. He is also incorrect in asserting that the divorce decree shows her ability to pay because, while the judge awarded her the family home in order to allow her to live there with the couple's two minor children, he commensurately reduced Sgro's child support obligation based on that award. Furthermore, even though the judge found that Ms. Sgro anticipated earning approximately $60,000 per year, she was unemployed at the time the decree was entered and there was no indication of when she might realize her expected employment potential.
{¶ 10} The divorce decree required Sgro to pay $400 per month in child support for his two children, ages 13 and 11. The judge also found that Sgro had removed his children from his health insurance plan without warning and could not be counted on to pay the cost of their medical care, so he placed the duty of maintaining health insurance on Ms. Sgro. He set the children's monthly share of the medical insurance then available to her at $205.28, over half of the monthly child support payment. Based on this evidence the judge did not abuse his discretion in finding that Ms. Sgro was financially burdened.
{¶ 11} Sgro finally contends that there was no evidence of any unreimbursed medical expenses to which the overpayment would be applied. Again we disagree, because the order allowed Ms. Sgro to keep the overpayment as a setoff against future unreimbursed medical expenses, and he has not shown that such expenses will not arise.
{¶ 12} The judge made Sgro responsible for all the uninsured and/or unreimbursed medical, dental, optical and prescription drug expenses including co-payments and/or deductibles[.] The record in this appeal, however, does not reflect the details of the health insurance plan, and Sgro has pointed to no evidence concerning the expenses for which he might be responsible. A party claiming error has a responsibility to point to the evidence that shows the error and, in the absence of such evidence, we presume regularity.[4] Nothing in this record indicates the time period in which the children's medical and related care will likely accumulate $2,717.60 in unreimbursed expenses. Although Sgro complains that the judge was required to hold further hearings before issuing an order after remand, we must presume that he complied with statutory requirements in issuing the original support order, which required that he assess the available plans.[5] Because the judge presumably was familiar with the health insurance plan and Sgro has provided no evidence concerning the existence or non-existence of unreimbursed expenses, we cannot find that the judge abused his discretion in finding that such unreimbursed expenses would timely arise under that plan. The assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee shall recover of appellant costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court, Domestic Relations Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, P.J., AND FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] Sgro v. Sgro (Oct. 18, 2001), Cuyahoga App. No. 78736 (Sgro I).
[2] Id.
[3] Dunbar v. Dunbar, 68 Ohio St.3d 369, 371, 1994-Ohio-509,627 N.E.2d 532.
[4] Shannon v. Shannon (1997), 122 Ohio App.3d 346, 350,701 N.E.2d 771.
[5] Former R.C. 3109.05(A)(2), 3113.217(B). R.C. Chapter 3113 has since been repealed and R.C. Chapter 3119 adopted.