DECISION AND JUDGMENT ENTRY
{¶ 1} Colleen Phillips appeals the judgment of the Athens County Court of Common Pleas, overruling her motion to intervene in the divorce of her son, Michael Liming from Denday Damos, fka Liming. Phillips sought to intervene in the divorce proceeding so that she could file a motion requesting an order granting her weekly telephone contact with her grandchildren. Phillips contends that the court erred in overruling her motion to intervene in the divorce proceedings because R.C. 3109.051(B) provides that a grandparent may file a motion for visitation during the pendency or any time after the court issues a final order or decree in a divorce proceeding. Because we find that R.C. 3109.051 confers standing upon a grandparent to file a motion for visitation directly, and because Civ.R. 75 specifically provides that Civ.R. 24, regarding motions to intervene, does not apply in divorce proceedings, we disagree. Accordingly, we overrule Phillips' sole assignment of error and affirm the trial court's judgment.
 I. {¶ 2} Liming and Damos married in August 1993, and two children were born as issue of the marriage, namely Joshua A. Liming (D.O.B. 01/28/1998) and Willard B. Liming (D.O.B. 04/02/1999). In December 2001, Michael Liming filed a complaint for divorce. The trial court issued a decree of divorce on January 19, 2005, wherein the court named Damos as the children's sole legal custodian and authorized her to move to Beech Grove, Indiana with the children.
 {¶ 3} On August 30, 2005, Phillips filed a motion to intervene as a new party in the divorce proceedings. In her motion, Phillips alleged that Damos initially permitted her to have weekly telephone contact with the children, but that after Liming filed a contempt motion against Damos, Damos no longer permitted Phillips to speak with the children. Therefore, Phillips requested permission to intervene as a party and reasonable weekly telephone contact with her grandchildren.
 {¶ 4} The trial court overruled Phillips motion to intervene, finding that she failed to present any legal authority to support her motion. Additionally, the court suggested that Phillips could be present when Liming speaks with the children on the telephone, or that Liming could initiate a three way call so that both he and his mother could speak with the children at the same time.
 {¶ 5} Phillips timely appeals raising the following assignment of error: "The trial court erred in denying appellant's Motion to Intervene."
 II. {¶ 6} In her sole assignment of error, Phillips contends that the trial court erred in denying her motion to intervene. Phillips argues that R.C. 3109.051(B) permits a court to award visitation to a grandparent of a child involved in divorce proceedings if: (1) the grandparent files a motion with the court seeking companionship or visitation rights; (2) the court determines that the grandparent has an interest in the welfare of the child; and (3) the court determines that the grant of companionship or visitation is in the best interest of the child. Further, Phillips notes that pursuant to R.C. 3109.051(B)(2) a grandparent may file a motion requesting visitation during the pendency of the divorce proceeding "or, if a motion was not filed at that time * * * at any time after a decree or final order is issued in the case." Phillips contends that the trial court should have granted her motion to intervene so that she may file her motion for visitation pursuant to R.C. 3109.051(B).
 {¶ 7} The decision to grant or deny a motion to intervene rests in the sound discretion of the trial court. Likover v.Cleveland (1978), 60 Ohio App.2d 154, 159. Accordingly, we will not reverse the trial court's denial of a motion to intervene unless the trial court abused its discretion. Young v. EquitecReal Estate Investors Fund (1995), 100 Ohio App.3d 136, 138;Widder Widder v. Kutnick (1996), 113 Ohio App.3d 616, 624. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 8} Although Phillips cited no legal authority in support of her motion to intervene in the divorce proceeding, we presume that she filed her motion pursuant to Civ.R. 24, which provides generally for the procedure for permissive intervention and intervention of right. However, Civ.R. 75(B) explicitly provides that Civ.R. 24 "shall not apply in divorce, annulment, or legal separations actions," except in limited circumstances not applicable here. See, also, Elliot v. Elliot (June 28, 1996), Montgomery App. No. 15635. In Elliot, the court noted that, subsequent to the commencement of the appeal, the trial court converted the appellant's motion to intervene to a motion for grandparent visitation pursuant to R.C. 3109.051(B). The court indicated that this course of action was proper, even though the movant was not a party to the divorce action, because "R.C.3109.051(B) confers standing to make the motion by reason of the movant's relationship with the child, which is also a basis to grant the relief sought." Elliot. The Elliot court noted that status as a party is not required to seek and obtain relief pursuant to R.C. 3109.051(B). Id. citing Hutton v. Hutton
(1984), 21 Ohio App.3d 26; Hollingsworth v. Hollingsworth
(1986), 34 Ohio St.3d 602. Thus, based upon Civ.R. 75(B) andElliot, we conclude that the trial court did not abuse its discretion in dismissing Phillips' motion to intervene in the divorce proceedings.
 {¶ 9} While Elliot clearly demonstrates that a court may choose to exercise its discretionary power to sua sponte convert a grandparent's motion to intervene into a motion for visitation under R.C. 3109.051(B)(2), nothing requires a court to do so. Moreover, where the grandparent's motion to intervene neither mentions R.C. 3019.051(B), nor the words "companionship" or "visitation," we cannot find that a court acts unreasonably, arbitrarily or unconscionably in declining to exercise its discretion to convert a motion to intervene in a divorce proceeding to a motion for grandparent visitation sua sponte.
 {¶ 10} In her brief, Damos contends that the trial court properly denied Philips motion to intervene, and argues that "it appears that even if the court had granted the motion to intervene, it would not have established forced telephone visitation for Ms. Phillips separate from that of her son. After stating that it would not allow Phillips to intervene in the divorce action, the trial court did go on to state that: "Phillips may be present with Plaintiff Michael Liming when he telephones his children. Perhaps Michael Liming can obtain a telephone with speaker phone or three way calling capabilities so that he and his mother can speak with the children at the same time."
 {¶ 11} Although the trial court stated several possible arrangements for Phillips to participate in her son's court ordered telephone visitation time, we do not believe that the court's comments properly constitute a ruling upon the merits of a motion for grandparent visitation. Specifically, we note that R.C. 3109.051(C) specifically provides that: "When determining whether to grant * * * companionship or visitation rights to a grandparent * * * pursuant to this section * * * the court shall consider * * * all other relevant factors, including, but not limited to, all of the factors listed in division (D) of this section."
 {¶ 12} R.C. 3109.051(D) requires the court to consider all of the following factors in determining the child's best interest: "(1) The prior interaction and interrelationships of the child with the child's parents, siblings, and other persons related by consanguinity or affinity, and with the person who requested companionship or visitation if that person is not a parent, sibling, or relative of the child; (2) The geographical location of the residence of each parent and the distance between those residences, and if the person is not a parent, the geographical location of that person's residence and the distance between that person's residence and the child's residence; (3) The child's and parents' available time, including, but not limited to, each parent's employment schedule, the child's school schedule, and the child's and the parents' holiday and vacation schedule; (4) The age of the child; (5) The child's adjustment to home, school, and community; (6) If the court has interviewed the child in chambers, pursuant to division (C) of this section, regarding the wishes and concerns of the child as to parenting time by the parent who is not the residential parent or companionship or visitation by the grandparent, relative, or other person who requested companionship or visitation, as to a specific parenting time or visitation schedule, or as to other parenting time or visitation matters, the wishes and concerns of the child, as expressed to the court; (7) The health and safety of the child; (8) The amount of time that will be available for the child to spend with siblings; (9) The mental and physical health of all parties; (10) Each parent's willingness to reschedule missed parenting time and to facilitate the other parent's parenting time rights, and with respect to a person who requested companionship or visitation, the willingness of that person to reschedule missed visitation; * * * (12) In relation to requested companionship or visitation by a person other than a parent, whether the person previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether the person, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of the adjudication; whether either parent previously has been convicted of or pleaded guilty to a violation of section2919.25 of the Revised Code involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent previously has been convicted of an offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that the person has acted in a manner resulting in a child being an abused child or a neglected child; (13) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court; (14) Whether either parent has established a residence or is planning to establish a residence outside this state; (15) In relation to requested companionship or visitation by a person other than a parent, the wishes and concerns of the child's parents, as expressed by them to the court; (16) Any other factor in the best interest of the child.
 {¶ 13} Here, the trial court's judgment entry does not state its reasons for suggesting that Phillips participate in her son's telephone calls with the children rather than pursuing her own telephonic visitation. Nor did Phillips request findings of fact and conclusions of law pursuant to R.C. 3109.051(F)(1). However, the record clearly indicates that the court did not conduct a hearing, and the parties presented absolutely no evidence upon which the trial court could have properly considered the factors enumerated in R.C. 3109.051(D). As Phillips notes, even if the court could be deemed to have relied upon evidence presented during the course of prior divorce hearings, Phillips did not participate in those hearings. Because Phillips did not have the opportunity to fully and fairly litigate her claim for grandparent visitation, we find no reason why she cannot now file a proper motion for grandparent visitation in accordance with R.C. 3109.051.
Judgment Affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover from appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J.: Concurs in Judgment and Opinion.
McFarland, J.: Concurs in Judgment only.