hDECUIR, Judge.
This is a long-standing custody dispute between Robert Lee Noe, natural father of the minor, Laurie Noe, and the minor’s maternal grandparents, Bob and Ann Cottrell. Bob and Ann Cottrell were initially awarded custody of the minor child pursuant to a considered decree on April 2, 1990. Appellant, Robert Lee Noe, appeals two judgments of the trial court signed July 12, 1993, and September 10, 1993, denying appellant’s request for a change in custody and further restricting appellant’s visitation privileges with his minor daughter.

JUDGMENT OF JULY 12, 199S

As to the judgment of July 12,1993, appellant argues that the trial court erred: (1) in applying the standard enunciated in Bergeron v. Bergeron, 492 So.2d 1193 (La.1986) to the case sub judice; (2) in finding the judgment of April 122, 1990, a “considered decree”; (3) in failing to find a change of circumstances sufficient to award custody to appellant; (4) in failing to allow evidence as to inappropriate sexual behavior in appellees’ family; and (5) in failing to find that the minor was exposed to a potential health hazard as a result of violations of state health codes by appellees and neighboring families. We find all of the above assignments of error to be without merit and affirm the judgment of July 12, 1993.
Appellant argues that the Bergeron heavy burden of proving that continuation of present custody is so deleterious to the child as to justify a modification of a custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child is inapplicable because the initial custody decree to appellees was not shown to be a “considered decree.” Our review of the record reveals otherwise. Appellant further argues that the appellees failed in their burden of proof at the initial custody contest. The delays for appealing the initial custody decree have long since lapsed and therefore is not before the court.
Appellant also argues that the trial court erred in not awarding custody or reinstatement of full child visitation rights when there was a change in circumstances, i.e. appellant was no longer a threat to the minor child. The trial judge is afforded wide discretion in determining which arrangement will best serve the best interest of the child and his determination will not be disturbed in the absence of manifest error. Lachney v. Lachney, 446 So.2d 923 (La.App. 3d Cir.), writ denied, 450 So.2d 964 (La.1984); Gordy v. Langner, 502 So.2d 583 (La.App. 3d Cir.), writ denied, 503 So.2d 494 (La.1987). The July 1993 judgment denying a change in custody also awarded appellant visitation privileges subject to several conditions including that appellant refrain from the consumption of alcohol during visitation with the minor, that appellant’s present wife supervise the visitation, that appellant not be left alone with the minor, Land directing that the *539 child's grandparents be informed of any plans to have the minor stay overnight anywhere other than appellant’s residence during visitation. The trial judge found that appellant failed to meet the Bergeron burden of proof. From our review of the record, we conclude that the trial judge did not abuse its discretion in maintaining legal custody in ap-pellees, nor in failing to reinstitute unsupervised and unrestricted visitation privileges.
Appellant admits he previously engaged in inappropriate sexual conduct with his two older daughters from a previous marriage and with two other female minors during his marriage to Laurie Noe’s mother, Tamira Cottrell Noe. Appellant molested his two older daughters while the children were young adolescents. Laurie Noe at the time of the hearing was approximately 10 years old. The trial court found and the record supports that the molestation incidents with appellant’s two older daughters occurred at a time when appellant was abusing alcohol. Appellant argues that he admitted to and voluntarily sought treatment with Frank Ackridge, a licensed professional counselor, in connection with his previous sexual misconduct. Mr. Ackridge testified that it is his opinion appellant is no longer a threat to his minor daughter. We note that appellant only had approximately 13 sessions with Mr. Ackridge and had only been seeing Mr. Ack-ridge for a period of four months at the time of the hearing. Mr. Ackridge is not a psychologist and has only treated one to two dozen pedophiles.
On the other hand, Dr. John C. Simo-neaux, the psychologist who has been treating the minor, is of the opinion that appellant presents a threat to his minor daughter and feels that appellant should not be allowed overnight visitation and that visitation should be supervised. Dr. Simoneaux has extensive experience in the treatment of sex offenders and their victims. He has treated thousands of individuals in connection with sexual abuse. Dr. Simoneaux performed testing on appellant before he learned of the pedophilie acts, the results of which are | consistent with pedophilia. Dr. Simoneaux testified that valid treatment of pedophiles is in terms of years, not weeks. According to Dr. Simo-neaux, one can never say that a person is “cured” of pedophilia and the success rate in sexual offender cases is extremely poor. According to Dr. Simoneaux, very few pedophiles never repeat an offense.
Tamira Cottrell Noe Romero, Laurie’s natural mother, testified that the appellees have provided a stable and loving environment for the child. Mrs. Romero also testified she is concerned that appellant will molest the child and that she feels her parents should retain custody. Dr. Simoneaux testified that Laurie’s grandparents are the “island of stability in this whole mess.” Dr. Simoneaux reports that Laurie is doing well in school and her overall behavior and emotional stability is sound.
We conclude that the record clearly supports the trial court’s findings that appellant failed to either prove that the current custody arrangement is so deleterious to the child as to justify modification of the custody decree, or that harm likely to be caused by change of the child’s environment is substantially outweighed by its advantages to the child.
We address appellant’s final two assignments of error as to the judgment of July 12, 1993, as one. Appellant contends the trial judge erred in failing to allow evidence as to inappropriate sexual behavior in the appellees’ family and in failing to allow evidence that Laurie was exposed to a potential health hazard as a result of violations of state health codes by appellees and neighboring families. These allegations were presented for the first time at the hearing and were not pled in the pleadings filed by appellant. We find the trial court properly excluded the evidence as irrelevant and properly refused to enlarge the pleadings.

JUDGMENT OF SEPTEMBER 10, 1993

The judgment of September 10, 1993, was rendered after a hearing on appellant’s rule seeking an increase in visitation ^privileges and on appellees’ rule seeking to further restrict appellant’s visitation privileges. The judgment rendered restricted appellant’s visitation by denying overnight visitation privileges. The trial judge in written reasons *540 noted that the minor is approaching the age when appellant’s other daughters were abused and the possibility of abuse is always present. The trial judge found that the previous judgment had not been complied with in that Laurie had been left alone with her father on various occasions. Laurie expressed to the trial judge that she would rather not spend the night at her father’s residence. The trial judge concluded that overnight visitation is not in the best interest of the child.
Appellant contends the trial judge erred in allowing evidence already adduced at the previous custody/visitation hearing, in modifying visitation privileges without a showing of change of circumstances, and in refusing to permit the minor child to testify.
First, appellant argues that appellees’ rule seeking to prohibit overnight visitation is res judicata, since the issues presented were already considered in the previous custody hearing. This assignment is without merit. Appellees argued a “change in circumstances.” We note that during the hearing which culminated in the September 1993 judgment, evidence was adduced that appellant was no longer undergoing therapy. Furthermore, evidence was adduced indicating appellant’s wife on occasion was unable to supervise visitation due to ill health, and that the child had been left alone with appellant.
Secondly, as to the September 10, 1993 judgment, appellant contends the trial judge erred in further restricting his visitation privileges without a showing of a change in circumstances and in failing to award an increase in visitation. At the time of the hearing, appellant was not in a treatment program and had not undergone treatment for pedophilia since January 1992. In oral reasons, the trial court found that appellant has not undergone the type and extent of psychological | (¡therapy necessary for the court to feel secure in granting overnight privileges. The trial court further found that appellant’s current wife is in ill health and that it is impossible for one person to be charged with such an extensive responsibility as the supervision of another adult with a child. The record clearly supports these findings. Applying the manifest error standard of review, we affirm the judgment of September 10, 1993.
Finally, appellant argues that the trial court erred in refusing to permit the minor to testify when the minor had capacity to testify. A review of the record reveals that appellant made no objection to the judge’s decision during the hearing that it was unnecessary to have the child testify, nor did he object to the trial judge’s decision to confer with Laurie in chambers. None of the parties to the proceedings or their attorneys were allowed in chambers. Appellant did not attempt to call the child as a witness. In fact, appellant agreed to allow the child to leave after the judge conferred with her in chambers. Appellant cannot now be heard to complain of the exclusion of the child’s testimony.

CONCLUSION

It is clear from our review of the record that there is no manifest error on the part of the trial judge in its determination that it is in the best interest of the child that legal custody be maintained in the child’s maternal grandparents. Furthermore, we conclude that the trial court did not err in denying overnight visitation to appellant under the facts of this case.
Costs of appeal are assessed against appellant, Robert Lee Noe.
Affirmed.