720 So.2d 78 (1998)
Peggy Mistich REINHARDT, et al.
v.
Jan Marie Manno REINHARDT, et al.
No. 97 CA 1889.
Court of Appeal of Louisiana, First Circuit.
September 25, 1998.
*79 Rebecca N. Robichaux, Raceland, for plaintiff-appellees Peggy Mistich Reinhardt, Tyrrell Wiley Reinhardt and Jan Guidry Reinhardt.
Leo J. Palazzo, New Orleans, for defendant-appellant Jan Marie Manno Reinhardt.
Diana M. Sanders, Raceland, for defendant Darwin J. Reinhardt.
Bertha Hillman, Thibodaux, for defendant Chad, Chase & Chelsea Reinhardt (children).
Carlos Finalet, III, Attorney General's Office, Baton Rouge, for Attorney General Richard P. Ieyoub.
Before FITZSIMMONS and GUIDRY, JJ., and CHIASSON, J. Pro Tem.[1]
FITZSIMMONS, Judge.
Defendant-appellant, Jan Marie Manno Reinhardt (Ms. Manno), filed a motion to terminate visitation between her children and paternal relatives. Ms. Manno argued that the visitation was not in the best interest of the children and attacked the constitutionality of article 136B. After a hearing, the district court denied the motion to terminate and found Civil Code article 136B constitutional. The only issue on appeal is the constitutionality of article 136B. We affirm.
Article 136B provides for visitation with a relative, by blood or affinity, and step-grandparents or former step-parents. The visitation article requires "extraordinary circumstances." The trial court must then assess if it is in the "best interest" of the children. Ms. Manno argues that article 136B infringes on her fundamental parental right to raise her children, and decide whom they should see.
Statutes are presumed to be valid. If possible, the constitutionality of a statute should be upheld. The burden of proof rests with the party attacking the statute. Soloco, Inc. v. Dupree, 97-1256 p. 3 (La.1/12/98); 707 So.2d 12, 14; State v. Gamberella, 633 So.2d 595, 601-02 (La.App. 1st Cir.1993), writ denied, 94-0200 (La.6/24/94); 640 So.2d 1341. The U.S. Constitution and the Louisiana Constitution recognize the fundamental liberty interest or right of personal privacy in decisions relating to marriage, child rearing, and family relationships. Santosky v. Kramer, 455 U.S. 745, 753, 102 S.Ct. 1388, 1394-95, 71 L.Ed.2d 599 (1982); Zablocki v. Redhail, 434 U.S. 374, 384-86, 98 S.Ct. 673, 680-81, 54 L.Ed.2d 618 (1978); State v. Perry, 610 So.2d 746, 755-56 (La.1992); Gamberella, 633 So.2d at 604. In Louisiana, the standard of strict scrutiny is applied to review state action that imposes a burden on decisions as fundamental as those included within the right of personal privacy.[2] Under the standard of strict scrutiny, the state action "may be justified only by a compelling state interest, and the state action must be narrowly confined so as to further only that compelling interest." Perry, 610 So.2d at 760; Gamberella, 633 So.2d at 604; State, Department of Social Services v. McCorkle, 97-13 pp. 7-8 (La.App. 5th Cir.4/29/97); 694 So.2d 1077, 1081, writ denied, 97-1399 (La.9/5/97); 700 So.2d 517.
However, the fundamental right of personal privacy is not absolute. Gamberella, 633 So.2d at 604. "The well-being of its children is of course a subject within the [s]tate's constitutional power to regulate...." Ginsberg v. New York, 390 U.S. 629, 639, 88 S.Ct. 1274, 1280, 20 L.Ed.2d 195 (1968). The state regulates parental rights in many areas: for example, child custody, child visitation, child labor, schooling, and health. Additionally, when analyzing the effect of a regulation on the rights of parents to privacy in family decisions and child rearing, the interest and rights of the children and relatives should also be considered and balanced. Gamberella, 633 So.2d at 604; see *80 Sightes v. Barker, 684 N.E.2d 224, 228 & 232 (Ind.Ct.App.), transfer denied, 690 N.E.2d 1187 (Ind.1997); Ridenour v. Ridenour, 120 N.M. 352, 355-56, 901 P.2d 770, 773-74 (N.M.Ct.App.), cert. denied, 120 N.M. 68, 898 P.2d 120 (1995).
Civil Code article 136 is found in the code section governing divorce. Thus, it provides for court imposed visitation with the children of divorced parents. See Lingo v. Kelsay, 94-1038 p. 2 (La.App. 3d Cir.3/3/95); 651 So.2d 499, 500. After the fragmentation of the children's primary family through divorce, the state has a legitimate and substantial interest in encouraging beneficial extended family relationships with children. See Sightes v. Barker, 684 N.E.2d at 231; Michael v. Hertzler, 900 P.2d 1144, 1151 (Wyo.1995); Campbell v. Campbell, 896 P.2d 635, 643 (Utah App.1995); Hollingsworth v. Hollingsworth, 34 Ohio App.3d 13, 16, 516 N.E.2d 1250, 1253 (1986). In cases, like this one, where one parent is infrequently or not even involved with the children,[3] the children's relationship with one side of their extended family may be lost in the absence of grandparent or family member visitation. See Lindsey v. House, 29,790 p. 4 & n. 2 (La.App.2d Cir.9/24/97); 699 So.2d 1190, 1192; Ray v. Ray, 94-1478 pp. 2-3 (La.App. 3d Cir.1995); 657 So.2d 171, 173. Additionally, as noted by the district court, the state mandates ascendant support of descendants in need. La. C.C. art. 229. In anticipation of a possible order of future support, the state and the ascendants have a legitimate and substantial interest to maintain extended family relationships through reasonable visitation. The sum of these facts and concerns is a compelling interest by the state in stabilizing broken or single parent families through visitation with extended family members.
Civil Code article 136B is not substantially intrusive of the parental right of privacy in child rearing. The codal article is narrowly drawn to further visitation with the extended family, but only under set, restrictive conditions. We note that the article specifically requires a threshold finding by a court of "extraordinary circumstances." It is imperative that trial courts articulate in cogent reasons for judgment, oral or written, the exact nature of the "extraordinary circumstances." If the court finds such circumstances, the court must next determine if the visitation is in the "best interest of the child." The reverse order of review or analysis is not acceptable. Civil Code article 136B(1)-(5) provides factors for the trial court to use in the "best interest" determination. The trial court's "best interest" analysis should also be contained in the reasons for judgment.
To avoid an unconstitutional application of article 136B, the trial court must be protective of the parent's fundamental right of privacy in child rearing and cognizant of the "extraordinary circumstances" and "best interest" codal requirements. This is true in the initial hearing and any subsequent modification. The mere status of the mover for visitation as a grandparent, relative, or step-relation is not sufficient to meet the requirements of article 136B. Civil Code article 136B does not presume a beneficial extended family relationship. See Ridenour, 120 N.M. at 356, 901 P.2d at 774. The burden is on the mover to show "extraordinary circumstances" and that the visitation is in the children's "best interest." Neither should liberal visitation, often granted to a non-custodial or non-domiciliary parent, be automatically granted to a grandparent, relative, or a step-parent or step-grandparent. As the mandated visitation to non-parents is increased, the infringement and burden on the fundamental right of privacy in child rearing increases proportionally. In the absence of an increasingly compelling state interest, visitation that unduly burdens the parental right would be an unconstitutional infringement.
After a strict scrutiny review, we find that Civil Code article 136B is constitutional. The state's interest is compelling. The article is narrowly drawn and rationally related to the state interest. It is not unduly intrusive on the parental right of privacy, and acts as an appropriate balance of the *81 competing interests of the parent, the extended family, and the children. See Sightes, 684 N.E.2d at 233; Ridenour, 120 N.M. at 356, 901 P.2d at 774; Sketo v. Brown, 559 So.2d 381, 382 (Fla. 1st DCA 1990); Hollingsworth, 34 Ohio App.3d at 16, 516 N.E.2d at 1253-54.
For these reasons, we affirm the trial court's ruling upholding the constitutionality of Civil Code article 136B. The costs of the appeal are assessed to appellant, Ms. Manno.
AFFIRMED.
GUIDRY, J., respectfully dissents and assigns reasons.
GUIDRY, Judge, dissenting.
The majority, in affirming the trial court's ruling upholding the constitutionality of Civil Code article 136(B), fall short in satisfying the strict scrutiny review that they correctly point out is required under both the Louisiana and United States constitutions. The majority is eminently correct that both of these constitutions recognize the fundamental liberty interest or right of privacy inherent in decisions relating to marriage, child rearing and family relationships. Santosky v. Kramer, 455 U.S. 745, 753, 102 S.Ct. 1388, 1394-95, 71 L.Ed.2d 599 (1982); Zablocki v. Redhail, 434 U.S. 374, 384-86, 98 S.Ct. 673, 680-81, 54 L.Ed.2d 618 (1978); State v. Perry, 610 So.2d 746, 755-56 (La.1992); State v. Gamberella, 633 So.2d 595, 604 (La.App. 1st Cir.1993), writ denied, 94-0200 (La.6/24/94); 640 So.2d 1341.
I do not agree however, that the state has demonstrated a compelling state interest for the enactment of 136(B) nor that the enactment is narrowly tailored to achieve a compelling state interest. I believe to do so the state would have to show that 136(B) is an exercise of its police power to protect the health and welfare of children. This would necessitate a provision in 136(B) that would require that a showing be made that denying extended family member visitation will cause substantial harm to the child. Absent a requirement to show resulting substantial harm, the state's interest here may be legitimate in fostering extended family relationships, but it is not compelling and clearly does not outweigh the parents' constitutionally protected right to autonomy in child rearing decisions. 136(B) is not narrowly tailored.
Other circuits in this state have looked to the language of 136(B) and found divorce, death and the interdiction of one or both parents to be "extraordinary circumstances" in which extended family relationships may serve to enlighten, guide and teach children. The extraordinary circumstances language of 136(B), nor the codal "best interest" provisions do not rise to the level of, nor specifically require a showing of substantial harm if non-parent visitation is not granted. The provisions of 136(B) are an unconstitutional infringement and undue burden on the constitutionally protested right of parents to decide whether their child will be enlightened, guided or taught by extended family members or whether it will in fact harm their child. That decision must be left to the parent absent a showing of substantial harm to the child.
Therefore, I respectfully dissent.
NOTES
[1] Judge Remy Chiasson, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Because strict scrutiny is the highest level of review on this issue, it is not necessary to review the statute under the U.S. Constitution.
[3] The father is in prison.