LLeBLANC, J.
This is an appeal by the plaintiffs-in-rule, Charlotte and Edward Vining, from a trial court judgment sustaining the defendant’s exception of no right of action and dismissing the plaintiffs-in rule’s motion to fix visitation.
Factual and Procedural Background
Charlotte Vining is the maternal grandmother of DV, the minor child of her daughter, Lisa Bass Vincent and Lisa’s ex-husband, William Calvin Vincent (Mr. Vincent). Charlotte’s husband, Edward Vin-ing, is Lisa Vincent’s stepfather and the child’s stepgrandfather. Lisa Vincent is a crack cocaine addict currently serving a life sentence in a Texas prison for a robbery conviction. Mr. Vincent has been awarded sole custody of DV; Lisa Vincent’s visitation rights have been terminated by the child protection authorities.
The Vinings filed a motion seeking to be awarded visitation with DV. In their motion, they allege that Mr. Vincent transferred the physical custody of the child to a third party couple, the Hoovers, who were also named as defendants in the rule. They also allege that they wrongfully have been denied visitation and communication rights with their granddaughter, and that it is in the child’s best interest that they be awarded a fixed visitation schedule.
Mr. Vincent responded with a peremptory exception raising the objection of no right of action asserting that La. R.S. 9:344, which governs the visitation rights of grandparents, is inapplicable to this matter because neither of the biological parents are deceased or interdicted. Mr. Vincent further asserts that Edward Vin-ing, having no biological connection to the child, has no right of action for visitation under any circumstance. Additionally, in the alternative, Mr. Vincent contends visitation is not in the best interest of the child based on allegations that Lisa Vincent had previously informed him that, as a teenager, she had been sexually abused by Edward Vining. Although the exception states this allegation is supported by |3the “attached” medical report of Dr. S. Rao Ghalasani, said medical report is not attached to the exception contained in the record. Further, although Mr. Vincent admits that he has denied the Vinings visitation and communication with DV, he only did so after DV informed him that Mr. Vining had attempted to “pull off her panties” approximately one year prior to the filing of the rule for visitation. Additionally, Mr. Vincent opposes visitation by the Vinings based on his assertions that, despite the court ordered termination of Lisa Vincent’s visitation rights, the Vinings have allowed her visitation with DV. Finally, Mr. Vincent denies the allegations that he has transferred the custody of the child to anyone; he maintains that he continues *922 to have sole custody, and that he receives occasional help in caring for the child from the Hoovers.
After hearing the arguments of counsel, the trial court sustained Mr. Vincent’s exception of no right of action, based on La. R.S. 9:344, and dismissed the Vining’s motion.
No Right of Action
An action can be brought only by a person having a real and actual interest which he asserts. La. C.C.P. art. 681. The exception of no right of action is designed to test whether the plaintiff has a real and actual interest in the action, and its function is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. La. C.C.P. art. 927 A(5); Louisiana Paddlewheels v. Louisiana Riverboat Gaming Commission, 94-2015, p. 4 (La.11/3Q/94); 646 So.2d 885, 888. The exception is appropriate when the plaintiff does not have an interest in the subject matter of the suit or legal capacity to proceed with suit in a particular case. Treasure Chest Casino, L.L.C. v. Parish of Jefferson, 96-1010, p. 4 (La.App. 1 Cir. 3/27/97); 691 So.2d 751, 754, writ denied, 97-1066 (La.6/13/97); 695 So.2d 982. When the facts alleged in the petition provide a remedy to someone, but the plaintiff who seeks the relief for himself is not the person in whose favor the law extends the remedy, the 14exception should be sustained. Guidry v. Dufrene, 96-0194, p. 4 (La.App. 1 Cir. 11/8/96); 687 So.2d 1044, 1046.
Visitation Rights of Grandparents
La. R.S. 9:344 A grants visitation rights to grandparents when the parent of a minor child has died or has been interdicted, if the court in its discretion finds that such visitation would be in the best interest of the child. In this case, DV’s mother, Lisa Bass Vincent, is neither deceased nor interdicted; ' she is incarcerated. Even plaintiffs-in-rule concede that the article is inapplicable. Therefore, the trial court was correct in finding the Vinings have no right of action for visitation pursuant to La. R.S. 9:344.
Nevertheless, the Vinings maintain that the special facts and circumstances of this case, particularly the incarceration of the child’s mother, warrant a cause of action for grandparent visitation rights. Although not cited by the appellants, La. C.C. art. 136 B provides for reasonable visitation with a relative, by blood or affinity, and stepgrandparents or former stepparents under extraordinary circumstances and upon a finding by the court that such an award is in the best interest of the child. We have recently held this article is constitutional. Reinhardt v. Reinhardt, 97-1889 (La.App. 1 Cir. 9/25/98); 720 So.2d 78, writ denied, 98-2697 (La. 12/18/98); 734 So.2d 635, cert. denied, - U.S. -, 119 S.Ct. 1761, 143 L.Ed.2d 792 (1999).
Section C of the article provides that in the event of a conflict between article 136 and R.S. 9:344 or 345, the provisions of the statute shall supersede those of the article. La. C.C. art. 136C. However, when the noncustodial parent is neither dead nor interdicted, no conflict exists between La. C.C. art. 136 and La. R.S. 9:344; and, thus, La. C.C. art. 136 B is applicable. See Lindsey v. House, 29-790 (La.App. 2 Cir. 9/24/97); 699 So.2d 1190; Ray v. Ray, 94-1478 (La.App. 3 Cir. 5/3/95); 657 So.2d 171.
Therefore, we find the Vinings have a right of action pursuant to La. C.C. art. 136 B. We note that in order to prevail, they will bear the burden of | ¡¡proving that extraordinary circumstances exist and that visitation with them is in the best interest of DV. Reinhardt, 97-1889 at 4-5; 720 So.2d at 80. Although unproven at this juncture, the allegations of sexual abuse by Mr. Vining, if proven, may render the Vining’s ability to meet their burden insurmountable. Nevertheless, they have a right to pursue such action under *923 La. C.C. art. 136 B, and at the least, are entitled to their day in court.
Accordingly, we reverse the judgment of the trial court and remand this matter for further proceedings consistent herewith. Costs of this appeal are assessed equally to the parties.
REVERSED AND REMANDED.