Dear Representative Michot:
You have requested an opinion of the Attorney General regarding the Riverboat Economic Development and Gaming Control Law (Riverboat Law). You question whether the provisions of R.S.27:52(2)(g) conflict with Article I, Section 3 of the 1974 Louisiana Constitution which prohibits discrimination on several bases including race and sex.
R.S. 27:42 of the Riverboat Law provides for the public policy of the State regarding the establishment of a riverboat gaming industry. It states, in pertinent part, as follows:
 § 42. Public policy of riverboat economic development and gaming activities
 A. The legislature hereby finds and declares to be the public policy of this state that:
 (1) The development of a historic riverboat industry is important to the economy of the state of Louisiana in that it will assist in the continuing growth of the tourism industry and thus will benefit the general welfare of our citizens and create new jobs. It is the intent of this Chapter to utilize Louisiana resources, goods, and services in the operation and construction of riverboats to the extent allowable by law, as defined in this Chapter. (Emphasis added.)
As can be gleaned from the above, one of the objectives of the riverboat gaming industry in this State is to promote economic development in the areas of employment and procurement. To meet this goal, the Legislature enacted R.S. 27:52(2)(g) which provides relative to the powers of the Riverboat Gaming Commission (Commission), as follows:
 § 52. Commission; powers; duties; rules
 The commission shall:
 * * *
 (2) Promulgate rules providing for and determining the following:
 * * *
 (g) That preferential treatment is given to Louisiana firms to the extent allowed by law and the procurement of all resources and goods used in the operation of a riverboat come [sic] from Louisiana and that a preferential treatment to the extent allowable by law in the awarding of contracts for services and entertainment is given to Louisiana firms and residents. (Emphasis added.)
In an effort to carry out the above objectives, each riverboat casino applicant, under the terms of their application, voluntarily proposed conditions they would strive to meet in the employment of Louisiana residents, minorities and women, as well as the procurement of contracts with Louisiana, minority and women-owned companies. These voluntary conditions, as well as other voluntary programs were proposed by the riverboat applicants to promote economic development in the State. Applications were received from all areas of the State and licenses were awarded on a competitive basis.
As you note in your request, the leading case relative to the constitutionality, vel non, of systems of preferences isLouisiana Associated General Contractors, Inc., v. State ofLouisiana, through the Division of Administration, Office ofState Purchasing, et al., 669 So.2d 1185 (La. 1996). Therein, the Court struck down as unconstitutional and unseverable, provisions of the Louisiana Minority and Women's Business Enterprise Act because it discriminated on the basis of race. The law mandated that state agencies employ a system of set-aside preferences with regard to procurement and public works contracts from which only certified minority business enterprises and women's business enterprises could benefit. It required that a fixed percentage of funds be set aside for minorities and women's business enterprises, to the exclusion of all men and/or any other group or class of people.
We find the above case to be inapposite to the issue at hand. The Riverboat Law does not mandate that riverboat casino licensees meet specific quotas or set aside a fixed percentage of funds for minorities and women's business enterprises, to the exclusion of all men and any other group or class of people. To the contrary, it provides that preferential treatment be given to Louisiana businesses "to the extent allowed by law". Thus, it encourages that all groups be considered in order to stimulate the State's economy.
We believe that any provision of the Riverboat Law which would seek to impose a mandate for systems of preferences as was attempted in the above cited case, would certainly not constitute a system of preference "allowed by law", as interpreted by our Supreme Court. Such a system would clearly be subject to constitutional challenge. However, to date, there has been no such judicial finding.
It is axiomatic that state laws enacted by our Legislature, including those comprising the Riverboat Law, are presumed to be valid and constitutional unless declared otherwise by our judiciary. In such cases, the burden of proof rests squarely with the party attacking the statute. Reinhardt v. Reinhardt,720 So.2d 78 (La.App. 1st Cir. 1998).
Accordingly, it is the opinion of this office that, until the law at issue is challenged and declared unconstitutional by our judiciary, it is clothed with the presumption of validity and constitutionality.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob3/sfj